FILED ____ LODGED
____ RECEIVED

JUN 26 2008

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

08-CV-00983-AF

The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORAINE CAMPBEL, individually and as personal representative of the Estate of JUSTINE BOOTH,

Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, including but not limited to the Division of Developmental Disabilities; LASHONDA MARIE MITCHELL, individually and in her official capacity acting under the color of state law; MURINE LEE McGENTRY, individually and in her official capacity acting under the color of state law; SONJA PATE, individually and in her official capacity acting under the color of state law;

Defendants.

NO. C08 0983 JCC

AFFIDAVIT OF ANDREW LOGERWELL IN SUPPORT OF REMOVAL TO FEDERAL COURT

State of Washington )
                    ) ss.
County of THURSTON  )

I, Andrew Logerwell, being first duly sworn upon oath, testify as follows:

---

AFFIDAVIT OF ANDREW LOGERWELL
IN SUPPORT OF REMOVAL TO
FEDERAL COURT -- NO.

ORIGINAL

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1. I am the assistant attorney general assigned to represent all currently identified State defendants (Washington State Department of Social and Health Services, Lashonda Marie Mitchell, Murine Lee McGentry, Sonja Pate). I am over the age of 18, competent to testify as to the matters stated herein, and make this declaration based on my personal knowledge.

2. The Office of the Attorney General was served with Plaintiff's Complaint on June 13, 2008.

3. This case involves allegations that Justine Booth, (deceased) was a developmentally disabled woman living at the State Operated Living Alternatives home in Kent, that she was left alone in the bathtub where she died, and that an Independent Support Plan was created two years ago that called for the monitoring of Booth while she bathed.

4. Attached to the Notice of Removal to Federal Court, filed herewith, are true and correct copies of the complaint filed in King County Superior Court and docket sheet.

DATED this 25th day of June, 2008.

ROBERT M. MCKENNA
Attorney General

ANDREW LOGERWELL, WSBA No. 38734
Assistant Attorney General

AFFIDAVIT OF ANDREW LOGERWELL
IN SUPPORT OF REMOVAL TO
FEDERAL COURT -- NO.

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Information on King County Superior Court Case #: 08-2-20182-1

Performed on: **Wed Jun 25 2008 14:11:22 PST**

Search Title: **10389824/Campbell: 08-2-20182-1 - WA Superior**

Matter #/Case Name: **10389824/Campbell**

## SUMMARY Information

**Title:** CAMPBELL ET ANO VS WASHINGTON STATE OF SOCIAL & HEALTH SERVICES ET AL

**Records Located:** Kent

**Judgment#:** NO

**Judge Id:** 8

**Filed:** 06/13/2008

**Additional Info:**

**Cause of Action:** TORT-OTHER

**Resolution:**

**Resolution Date:**

**Completion:**

**Completion Date:**

**Case Status:** 06 13 2008 - ACTIVE

**Consolidated cases:**

**Note #1:**

**Note #2:**

**Off-line Date:**

**Restore Date:**

## NAMES Information

\* - Total participants 9. Click on the bar number for more detail.

| | |
|---|---|
| **Name:** | CAMPBELL, LORAINE(PR) |
| **Relation to Case:** | Plaintiff (PLA01) |
| **Date:** | |
| **Name:** | BOOTH, JUSTINE (ESTATE) |
| **Relation to Case:** | Plaintiff (PLA02) |
| **Date:** | |
| **Name:** | WASHINGTON STATE OF SOCIAL & HEALTH SERVICES |
| **Relation to Case:** | Defendant (DEF01) |
| **Date:** | |
| **Name:** | MITCHELL, LASHONDA M |
| **Relation to Case:** | Defendant (DEF02) |
| **Date:** | |

| | |
|---|---|
| **Name:** | MCGENTY, MURINE L |
| **Relation to Case:** | Defendant (DEF03) |
| **Date:** | |
| **Name:** | PATE, SONJA |
| **Relation to Case:** | Defendant (DEF04) |
| **Date:** | |
| **Name:** | MOODY, DAVID P. |
| **Relation to Case:** | Attorney for Plaintiff (ATP01) |
| **Date:** | |
| **Bar#:** | 22853 Washington State Bar Association Number |
| **Name:** | SHAPIRO, ANTHONY DARROW |
| **Relation to Case:** | Attorney for Plaintiff (ATP02) |
| **Date:** | |
| **Bar#:** | 12824 Washington State Bar Association Number |
| **Name:** | MCLEAN, MARTIN DANIEL |
| **Relation to Case:** | Attorney for Plaintiff (ATP03) |
| **Date:** | |
| **Bar#:** | 33269 Washington State Bar Association Number |

## DOCKET Information

| Item Number | Date | Court Code | Description/Name | Secondary Information |
|---|---|---|---|---|
| 1 | 06 13 2008 | SMCMP | SUMMONS & COMPLAINT | |
| 2 | 06 13 2008 | *ORSCS | SET CASE SCHEDULE | 11-30-2009ST |
| | | JDG08 | JUDGE JAY V. WHITE, DEPT 8 | |
| 3 | 06 13 2008 | CICS | CASE INFORMATION COVER SHEET | |
| | | LOCK | ORIGINAL LOCATION - KENT | |
| 4 | 06 13 2008 | $JDR12 | JURY DEMAND RECEIVED - TWELVE | 250.00 |

Acknowledged Receipt This
13 day of July 2008
Rob McKenna
Attorney General
By _____
Assistant Attorney General

RECEIVED
In King County Superior Court Clerk's Office
JUN 13 2008
Cashier Section
Superior Court Clerk

SUPERIOR COURT FOR THE STATE OF WASHINGTON, KING COUNTY

LORAINE CAMPBELL, individually and as personal representative of the Estate of JUSTINE BOOTH,

Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, including but not limited to the Division of Developmental Disabilities; LASHONDA MARIE MITCHELL, individually and in her official capacity acting under the color of state law; MURINE LEE McGENTY, individually and in her official capacity acting under the color or state law; and SONJA PATE, individually and in her official capacity acting under the color of state law,

Defendants.

No. 08-2-20182-1 KNT

COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff and alleges as follows:

## I.   INCORPORATION

1. By this reference, each paragraph contained herein is incorporated as support for each paragraph which follows.

COMPLAINT FOR DAMAGES - 1



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101

003005-11 230613 V1

## II. PLAINTIFF

2. Plaintiff Loraine Campbell ("Loraine") is and was at all times relevant, a resident of King County, Washington.

3. Loraine was, at all times relevant, the mother and guardian of Justine Booth ("Justine"), a deceased developmentally-disabled child.

4. When not otherwise specified, the term "plaintiff" shall refer to Loraine and the Estate of Justine collectively.

## III. DEFENDANT DEPARTMENT OF SOCIAL AND HEALTH SERVICES

5. Defendant Department of Social and Health Services ("Defendant DSHS") is an agency of the State of Washington.

## IV. DEFENDANT LASHONDA MARIE MITCHELL

6. Lashonda Marie Mitchell ("Defendant Mitchell") is a resident of the State of Washington.

7. At all times material to the allegations concerning Defendant Mitchell, she was acting in her official capacity, under color of state law, on behalf of Defendant DSHS.

8. In her role as an employee for Defendant DSHS, Defendant Mitchell had direct personal participation in the deprivation of plaintiff's constitutional rights, or set in motion a series of acts by others which she knew or reasonably should have known would cause others to violate the constitutional rights of plaintiff.

## V. DEFENDANT MURINE LEE MCGENTY

9. Murine Lee McGenty ("Defendant McGenty") is a resident of the State of Washington.

10. At all times material to the allegations concerning Defendant McGenty, she was acting in her official capacity, under color of state law, on behalf of Defendant DSHS.

11. In her role as an employee for Defendant DSHS, Defendant McGenty had direct personal participation in the deprivation of plaintiff's constitutional rights, or set in motion a

COMPLAINT FOR DAMAGES - 2



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101

series of acts by others which she knew or reasonably should have known would cause others to violate the constitutional rights of plaintiff.

### VI. DEFENDANT SONJA PATE

12. Sonja Pate ("Defendant Pate") is a resident of the State of Washington.

13. At all times material to the allegations concerning Defendant Pate, she was acting in her official capacity, under color of state law, on behalf of Defendant DSHS.

14. In her role as an employee for Defendant DSHS, Defendant Pate had direct personal participation in the deprivation of plaintiff's constitutional rights, or set in motion a series of acts by others which she knew or reasonably should have known would cause others to violate the constitutional rights of plaintiff.

### VII. JURISDICTION AND VENUE

15. On November 5, 2007, a tort claim was filed on plaintiff's behalf.

16. All acts and/or omissions occurred in King County, Washington

17. Jurisdiction and Venue are proper in King County Superior Court.

### VIII. FACTS

18. In 2006, Justine was a developmentally disabled citizen living in a State Operated Living Alternative ("SOLA") house operated and maintained by Defendant DSHS.

19. Since she was a young child, Justine suffered from grand mal seizures that caused her significant cognitive disability.

20. Defendant DSHS knew that Justine had, at all times relevant to the present action, a developmental disability as defined by RCW 71A.10.020.

21. Due to her developmental disability, Justine was subject to the protection afforded by RCW 74.34.020.

22. Justine had the intellectual capacity of a five year-old child. Justine's simple enjoyments included collecting shoe laces and playing with colorful strings, buttons and "bread twists."

COMPLAINT FOR DAMAGES - 3



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101

003005-11 230613 V1

23. Justine's pre-bedtime ritual included prayers to Jesus, God and Santa Claus.

24. In 1991, plaintiff was appointed as the legal guardian of Justine.

25. In 1991, Justine was placed in a SOLA house operated by Defendant DSHS. The SOLA program is described by Defendant DSHS: "SOLA facilities offer options to persons with developmental disabilities in their living arrangements to ensure safe care and maximum independence."

26. According to Defendant DSHS, SOLA housing is staffed by employees of Defendant DSHS who are responsible for fostering an environment of "safe care."

27. Defendants Mitchell and McGenty were hired by Defendant DSHS to work in the SOLA house in which Justine was placed.

28. Defendant Pate was responsible for managing Justine's SOLA house.

29. On August 17, 2006, Justine and her SOLA support team completed a 2006-2007 SOLA Support Plan entitled, "It's MY Life!" The SOLA Support Plan describes the goals and guidelines for Justine's care for 2006-07.

30. The 2006-07 SOLA Support Plan is written in the first person, as though Justine is providing her caregivers with explicit verbal instructions regarding the details of her care.

31. One section of the Support Plan starts with the admonition, "Please do not!!" This section provides a detailed list of activities that Justine and her caregivers agreed should *not* occur.

32. The final entry from Justine pleads:

> "Please do not!! Leave me alone too long without checking on me."

33. Defendant Pate personally participated in the August 17, 2006 meeting and signed Justine's SOLA support plan.

34. Well before October 2006, plaintiff informed Defendants that Justine suffered from seizures while bathing.

COMPLAINT FOR DAMAGES - 4



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101

003005-11 230613 V1

35. As a result of Justine's long history of seizures, plaintiff requested that Justine have a bathing pillow and be closely supervised while bathing.

36. As a result of Justine's long history of seizures, plaintiff requested that someone constantly monitor Justine while she was bathing.

37. On October 10, 2006, Justine returned to her SOLA house at approximately 7:00 p.m. and prepared to take a bath.

38. Defendants Mitchell and McGenty were the SOLA staff members working at the SOLA house on October 10, 2006.

39. On October 10, 2006, Defendant Pate was responsible for ensuring that Justine's life plan was implemented by SOLA staff working at Justine's home.

40. On October 10, 2006, Defendant Pate was responsible for ensuring that those providing care, supervision and support of Justine would take basic precautions for Justine's safety and well-being.

41. On October 10, 2006, Defendants Mitchell and McGenty allowed Justine to bathe alone, without supervision or adequate monitoring.

42. Defendants Mitchell and McGenty did not equip the bathtub with the bathing pillow that was to be used during Justine's bath time.

43. Defendants Mitchell and McGenty did not utilize the baby monitor that was to be used to ensure that Justine was not in distress during Justine's bath time.

44. Defendants did not ensure that Justine wore the helmet that had been purchased specifically for use during Justine's bath time.

45. Defendants Mitchell and McGenty did not maintain constant verbal contact with Justine to ensure that she was not in distress in the bath tub.

46. Defendants Mitchell and McGenty did not remain with or supervise Justine while she was bathing.

COMPLAINT FOR DAMAGES - 5



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101

1    47.    At approximately 8:30 p.m., emergency medical technicians were dispatched to the SOLA home in response to a 911 call reporting that Justine was found unconscious in the bathtub.

    48.    Defendant McGenty informed the emergency medical technicians that she discovered Justine in the bathtub, underwater and not breathing.

    49.    CPR was administered and Justine regained a pulse at approximately 8:40 p.m. Justine was emergently transferred to Valley Medical Center via ambulance.

    50.    Upon arrival at Valley Medical Center, Justine required the assistance of life support.

    51.    On October 17, 2006, Justine was taken off of life-support.

    52.    Justine died within hours.

## IX.    FIRST CAUSE ACTION: NEGLIGENCE

    53.    Defendant DSHS had a non-delegable duty to provide a reasonably safe environment for Justine.

    54.    By allowing Justine, a developmentally-disabled individual with a well-documented history of seizures, to bathe alone without adequate supervision, Defendant DSHS failed to act reasonably and violated applicable statutes, regulations and internal policies.

    55.    As a result of these violations, Defendant DSHS breached its duty and is negligent.

    56.    As a direct and proximate result of Defendant DSHS's negligence, plaintiff sustained profound and permanent damages.

    57.    Defendant DSHS had a duty to provide adequate oversight, supervision and training to Defendants' Pate, Mitchell and McGenty.

    58.    Defendant DSHS breached its duty to provide adequate oversight, training and supervision to Defendants' Pate, Mitchell and McGenty and is therefore negligent.

COMPLAINT FOR DAMAGES - 6



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101

003005-11 230613 V1

59. As a direct and proximate result of Defendant DSHS's negligence, plaintiff sustained profound and permanent damages.

## X. SECOND CAUSE OF ACTION

### Violations of 42 U.S.C. §1983

60. **Defendant Mitchell** caused plaintiff to be subjected to the deprivation of her constitutional rights by directly participating in the deprivation, or by setting in motion a series of acts by others which Defendant Mitchell knew or reasonably should have known would cause others to violate plaintiff's civil rights.

61. As a direct and proximate cause of Defendant Mitchell's violation of plaintiff's civil rights, plaintiff is entitled to an award of damages, including punitive damages, attorneys' fees and costs.

62. **Defendant McGenty** caused plaintiff to be subjected to the deprivation of her constitutional rights by directly participating in the deprivation, or by setting in motion a series of acts by others which Defendant McGenty knew or reasonably should have known would cause others to violate plaintiff's civil rights.

63. As a direct and proximate cause of Defendant McGenty's violation of plaintiff's civil rights, plaintiff is entitled to an award of damages, including punitive damages, attorneys' fees and costs.

64. **Defendant Pate** caused plaintiff to be subjected to the deprivation of her constitutional rights by directly participating in the deprivation, or by setting in motion a series of acts by others which Defendant Pate knew or reasonably should have known would cause others to violate plaintiff's civil rights.

65. As a direct and proximate cause of Defendant Pate's violation of plaintiff's civil rights, plaintiff is entitled to an award of damages, including punitive damages, attorneys' fees and costs.

COMPLAINT FOR DAMAGES - 7



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101

003005-11 230613 V1

## XI.   THIRD CAUSE OF ACTION

### Violations Of RCW 74.34

66.   At all times material to this action, Justine was subject to the protections afforded by RCW 74.34.

67.   Defendants had a duty to protect Justine pursuant to the provisions of RCW 74.34.

68.   The acts and omissions of Defendants violated the provisions of RCW 74.34, therefore subjecting Justine to neglect, abandonment and harm.

69.   As a direct and proximate result of Defendants violation(s) of RCW 74.34, plaintiff has sustained profound and permanent damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

A.   Judgment against the defendants for general and special damages, including but not limited to past and future damages for mental anguish, pain and suffering, counseling fees, therapy fees, pharmaceutical fees, diminished capacity to earn a living, and other permanent and necessary damages resulting from defendants' acts and omissions;

B.   Judgment against defendants for general and special damages allowed pursuant to RCW 4.24.010;

C.   Attorneys' fees and all other costs incurred in prosecuting this lawsuit;

D.   Punitive damages against each defendant acting under color of state law;

E.   Prejudgment interest;

F.   All applicable damages available under state and federal law; and

G.   Further relief as the Court deems just and equitable.

COMPLAINT FOR DAMAGES - 8



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101

003005-11 230613 V1

1  DATED this 13th day of June, 2008.

                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                    *Attorneys for Plaintiff*


                                    By _____
                                         David P. Moody, WSBA No. 22853
                                         Anthony D. Shapiro, WSBA No. 12824
                                         Martin D. McLean, WSBA No. 33269

COMPLAINT FOR DAMAGES - 9

HAGENS BERMAN ·
SOBOL SHAPIRO LLP

1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101

003005-11 230613 V1