1
2
3
4
5
6

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORAINE CAMPBELL, individually and as personal representative of the Estate of JUSTINE BOOTH, | No. C08-0983-JCC |
| Plaintiff, | DECLARATION OF MARTIN D. MCLEAN |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, including but not limited to the Division of Developmental Disabilities; LASHONDA MARIE MITCHELL, individually and in her official capacity acting under the color of state law; MURINE LEE McGENTY, individually and in her official capacity acting under the color or state law; and SONJA PATE, individually and in her official capacity acting under the color of state law, | |
| Defendants. | |

I, Martin D. McLean, declare under penalty of perjury that the foregoing is true and correct:

1.      I am over eighteen years of age and make this declaration based upon my personal knowledge.

2.      Attached hereto are true and correct copies of the following documents:

DECLARATION OF MARTIN D. MCLEAN  - 1
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1

| | | |
|---|---|---|
| **Exhibit A:** | Plaintiff's First Interrogatories and Requests for Production to Defendant Mitchell. | |
| | *Pages 4 - 18* | |
| **Exhibit B:** | Plaintiff's First Interrogatories and Requests for Production to Defendant McGenty. | |
| | *Pages 19-35* | |
| **Exhibit C:** | Plaintiff's First Interrogatories and Requests for Production to Defendant Pate. | |
| | *Pages 36-54* | |
| **Exhibit D:** | Defendant Mitchell's Answers to Plaintiff's First Interrogatories and Requests for Production. | |
| | *Pages 55-64* | |
| **Exhibit E:** | Defendant McGenty's Answers to Plaintiff's First Interrogatories and Requests for Production. | |
| | *Pages 65-78* | |
| **Exhibit F:** | Plaintiff's First Interrogatories and Requests for Production to Defendant Pate, and Answers Thereto. | |
| | *Pages 79-107* | |
| **Exhibit G:** | 12/15/2008 letter from Plaintiff's counsel to counsel for Defendant Pate scheduling discovery conference. | |
| | *Page 108* | |
| **Exhibit H:** | 12/17/2008 letter from Plaintiff's counsel confirming discovery conference consensus. | |
| | *Page 109* | |
| **Exhibit I:** | 12/12/2008 letter from Plaintiff's counsel to counsel for Defendants Mitchell and McGenty scheduling discovery conference. | |
| | *Page 110* | |
| **Exhibit J:** | 12/16/2008 letter from Plaintiff's counsel to counsel for Defendants Mitchell and McGenty re-scheduling discovery conference. | |
| | *Page 111* | |

DECLARATION OF MARTIN D. MCLEAN - 2
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

003005-12 279315 V1

2

| | | |
|---|---|---|
| **Exhibit K** | 12/29/2008 letter from Plaintiff's counsel to counsel for Defendants Mitchell and McGenty confirming discovery conference agreement. | |
| | *Pages 112-113* | |
| **Exhibit L** | 12/30/2008 letter from Defendants Mitchell and McGenty's counsel declining to supplement discovery. | |
| | *Pages 114-116* | |

Signed and dated this 31st day of December, 2008 at Seattle, Washington.

         /s/ Martin D. McLean
        Martin D. McLean

DECLARATION OF MARTIN D. MCLEAN  - 3
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 ● Seattle, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

003005-12 279315 V1

3

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORAINE CAMPBELL, individually and as personal representative of the Estate of JUSTINE BOOTH,<br><br>                      Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, including but not limited to the Division of Developmental Disabilities; LASHONDA MARIE MITCHELL, individually and in her official capacity acting under the color of state law; MURINE LEE McGENTY, individually and in her official capacity acting under the color or state law; and SONJA PATE, individually and in her official capacity acting under the color of state law,<br><br>                      Defendants. | No. C08-0983-JCC<br><br>PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT MITCHELL·<br><br>[Served on November 11, 2008] |

TO:          **DEFENDANT LASHONDA MITCHELL**

AND TO:      **STEWART A. ESTES, attorney for Defendants McGenty and Mitchell**
                   Keating, Bucklin & McCormack, Inc., P.S.
                   800 5th Avenue, Ste. 4141
                   Seattle, Washington 98104

AND TO:      **ANDREW LOGERWELL, attorney for Defendants DSHS and Pate**
                   Assistant Attorney General
                   7141 Cleanwater Drive Southwest
                   Olympia, Washington 98504

HB
HAGENS BERMAN
SOBOL SHAPIRO LLP

003005-11 272539 V1

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

4

# GENERAL DEFINITIONS AND PROCEDURES

**A.     Procedures**

You have been served with an original of Plaintiff's First Interrogatories and Requests for Production of Documents.  Please complete responses within the space provided and, if needed, add additional pages.  The answers and requested documents must be furnished to the undersigned attorneys by returning the verified original to the office of Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101, within thirty (30) days of service.

**B.     Scope of Responses**

By use of the pronoun "you" or "your" it is intended that the requests are to include all information known to or reasonably ascertainable by defendants, their agents, attorneys, investigators and other representatives in their capacities as such.

**C.     Time**

Unless otherwise stated, these discovery requests cover the period from January 1, 2004 to the present.  These discovery requests shall be deemed continuing, and in the event you discover further information that is responsive to these discovery requests, you must supplement the answers and responses.

**D.     Claim of Privilege**

If you contend that any document encompassed by any request is privileged, in whole or in part, or if you otherwise object to its production, then with respect to each such document:

1.     State with particularity the reason for your objection and the nature of any privilege asserted;

2.     Identify each person having knowledge of the factual basis, if any, upon which the privilege or other objection is asserted; and

3.     State the following:

a.     The date of the document;

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MITCHELL  - 2
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272539 V1

b. The nature or type of the document (*e.g.*, letter, memorandum, etc.);

c. Identify each individual who prepared the document;

d. Identify each person to whom the document, or a copy thereof, has at any time been provided;

e. Identify each person from whom the document has been obtained;

f. Identify each person or entity having possession of the original of the document (or if the whereabouts of the original are unknown, identify each person or entity known or believed to have a copy or copies thereof);

g. All other information necessary to identify the document with sufficient particularity to meet the requirements for its inclusion in a motion for production pursuant to the civil rules of procedure; and

h. If such document was, but is not longer within your care, custody, or control, state what disposition was made of it, who disposed of it, the reason for such disposition, and the date upon which it was so disposed.

This request for production of documents is continuing in nature. If, after the date on which you have produced the requested documents, you discover additional documents responsive to this request for production, you are required to contact David P. Moody at (206) 268-9323 to arrange for production of such additional documents.

**E.   Definitions**

Included below are definitions of the terms used in these interrogatories and request for production. Please read these definitions carefully. Some of the terms used in these interrogatories and requests for production are given definitions which may be more expansive than the definitions which those terms are given in common usage.

1.   "And" shall also mean "or," and "or" shall also mean "and."

2.   "Communication" means any exchange, transfer or transmittal of information, ideas, commentary, thoughts, actions or opinions at any time or place and is not limited to transfers between persons, but includes other transfers, such as toll transfers, computer transfers, modem transfers, and the transference of records and memoranda to file.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MITCHELL  - 3
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272539 V1

6

3. "Describe," when used in reference to matters of fact or contention, means to state every material fact and circumstance specifically and completely (including, but not limited to, date, time, location, and the identity of all participants), and whether each such fact or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

4. "Document" includes, but is not limited to, the original as well as any copies of any agreement, appointment book, assessment, blueprint, book, brochure, business form, cable, cassette, chart, check, check stub, computer disc or index thereto, computer printout, computer program, computer tape, contract, correspondence, correspondence files, desk calendar, diary, draft, drawing, email, envelope, estimate, facsimile, graph, index, invoice, .jpeg file, lease, ledger, letter, log book, manual, map, memorandum, message, minutes, minute book, model, notation, note, pamphlet, PDF, periodical, phone record, photograph, pleading, postage stamp, postcard, printout, purchase order, record, record of purchase or sale, report, reproduction, schedule, sketch, statement, study, summary, survey, tape, telegram, telex, time sheet, tin type, velum, videotape, wire, working paper, x-ray, transcription or taping of telephone or personal conversation or conference, including intercompany, intracompany, interoffice, and intraoffice memorandum or other document regarding any conference conversation, or other communication, and any and all other written, printed, typed, taped, recorded, transcribed, punched, filmed, or graphic matter, however produced or reproduced.

If a document has been prepared in several copies or additional copies have been made, and the copies are not identical, each non-identical copy is a separate "document," and should be produced for inspection and copying.

5. "Identify" or "identity" when applied to a person, requires that you give the person's full name, residence address, residence telephone, business or occupation, employer, job title or description, business address, and business telephone. If you do not have current information regarding the person being identified, give the last known information.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MITCHELL - 4
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

003005-11 272539 V1

7

6.     "Identify or "identity," when used in reference to a business, organization, or other entity, means to give the legal name of the entity, a description of its nature (*e.g.*, corporation, partnership, joint venture, etc.), any business or assumed names under which it does business, its principal place of business, and the address of the office(s) of such entity which are involved in the transaction about which the interrogatory or request is seeking information.

7.     "Identify" or "identity," when used in reference to a document, requires that (regardless of whether you may assert a privilege or other objection to its disclosure) you describe the document (*i.e.*, whether it is a letter, memorandum, contract, etc.) and state its date, the name of the person or persons whose signatures are affixed or for whom signature lines were prepared if the document is unsigned, the person who prepared it, the person to whom it was addressed, a short synapse of the document's contents, and the identity of all persons known to you to have control or possession of such documents or copies thereof. Your description should contain sufficient detail to meet the requirements for its inclusion in a CR 34 request for production or a CR 37 motion to compel.

In lieu of identifying any document, you may produce the document, though your answer should state where the particular document can be located among the produced documents.

8.     "Identify" or "identity," when used in reference to a statement requires that you state the date on which the statement was given, where it was given, the names and addresses of the person or persons to whom it was given or by whom it was taken and who has custody of such statement or copies thereof. If any statement was, but is no longer, in your possession, custody or control, state what disposition was made of it and reasons therefore.

9.     "Person" shall include any individual, corporation, partnership, firm, association, or any other entity of any kind.

10.     "Person associated with" means any person who is presently or has been in the past an officer, director, agent, employee, attorney, or other representative or person acting on behalf of the referenced organization.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MITCHELL  - 5
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272539 V1

1    11.    "Relating to" means constituting, defining, containing, embodying, reflecting,

2    identifying, stating, concerning, referring to, dealing with, or in any way pertaining to.

3    12.    "State with particularity," when used in reference to a matter of fact or contention,

4    means to state very material fact and circumstance specifically and completely (including, but

5    not limited to, date, time, location and the identity of all participants), and whether each such fact

6    or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

7    13.    "Statement" means any oral, written stenographic or recorded declaration of any

8    kind or description.

9    14.    "You and your" shall refer to and include the parties to whom this discovery is

10   directed.

11   15.    The plural shall include the singular, and the singular shall include the plural.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MITCHELL  - 6
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272539 V1

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify each person answering these interrogatories or providing information in connection with any of the answers supplied and set forth the name and address of each person, his or her relationship to you, and the number of each interrogatory which each person participated in answering.

**ANSWER:**

**INTERROGATORY NO. 2:**  Identify each person known to you who has information relevant to the allegations contained in Plaintiffs' Complaint for Damages, setting forth each person's name, address and relationship to any party herein.

**ANSWER:**

**INTERROGATORY NO. 3:**  Identify each expert witness you intend to rely on for testimony at the time of trial and set forth the subject matter on which the expert is expected to testify, together with the substance of the facts and opinions to which the expert is expected to testify, the materials he/she relied upon, and a summary of the grounds for each opinion.

**ANSWER:**

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MITCHELL  - 7
Case No. C08-983-JCC

003005-11  272539 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

10

1   **INTERROGATORY NO. 4:**

2          Identify each and every individual or entity who you believe caused plaintiffs' alleged

3   damages.

4   **ANSWER:**

5

6

7

8   **INTERROGATORY NO. 5:**

9          Identify each and every fact which supports your belief that the individuals and/or entities

10   identified in your answer to the preceding interrogatory caused plaintiffs' damages.

11   **ANSWER:**

12

13

14

15   **INTERROGATORY NO. 6:**

16          Identify each and every step you have taken, if any, to challenge the termination of your

17   employment by Defendant DSHS.  [*See* July 16, 2008 letter attached hereto at Exhibit "A"]

18   **ANSWER:**

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MITCHELL  - 8
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

11

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce each and every document that refers or relates to Justine Booth.

**RESPONSE:**




**REQUEST FOR PRODUCTION NO. 2:**

Produce each and every document that refers or relates to Loraine Campbell.

**RESPONSE:**




**REQUEST FOR PRODUCTION NO. 3:**

Produce a copy of each and every handbook, guideline, internal policy, regulation, rule or other document that concerns, refers or relates to your care of Justine Booth.

**RESPONSE:**




**REQUEST FOR PRODUCTION NO. 4:**

Produce your complete employment and/or personnel file.

**RESPONSE:**



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documentation reflecting any payment received by you from Defendant DSHS, from January 1, 2004 to the present.

**RESPONSE:**




**REQUEST FOR PRODUCTION NO. 6:**

Produce all documentation reflecting any training you received from Defendant DSHS.

**RESPONSE:**




**REQUEST FOR PRODUCTION NO. 7:**

Produce all documentation reflecting any training received, at any time, related to seizures and/or seizure disorders.

**RESPONSE:**




**REQUEST FOR PRODUCTION NO. 8:**

Produce all documentation reflecting any training you received regarding the bathing of Justine Booth.

**RESPONSE:**



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

13

1

2 **REQUEST FOR PRODUCTION NO. 9:**

3     Produce all documentation referring or relating to any and all responsibilities or duties

4 you had when caring for or supervising Justine Booth.

5 **RESPONSE:**

6

7

8

9 **REQUEST FOR PRODUCTION NO. 10:**

10     Produce all documentation reflecting any reprimand, disciplinary action, or corrective

11 action you received while employed by Defendant DSHS.

12 **RESPONSE:**

13

14

15

16 **REQUEST FOR PRODUCTION NO. 11:**

17     Produce all documentation which refers or relates in any manner whatsoever to

18 Defendant DSHS' decision to terminate your employment.

19 **RESPONSE:**

20

21

22

23 **REQUEST FOR PRODUCTION NO. 12:**

24     Produce all documents reflecting any challenge, appeal, lawsuit, grievance, or other

25 efforts taken to prevent Defendant DSHS from terminating your employment.

26



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

14

1    **RESPONSE:**

2

3

4

5    **REQUEST FOR PRODUCTION NO. 13:**

6        Produce all documents reflecting insurance coverage available to you for the injuries

7    alleged in Plaintiffs' Complaint for Damages.

8    **RESPONSE:**

9

10

11

12   **REQUEST FOR PRODUCTION NO. 14:**

13       Produce any and all reports prepared by any expert witness you intend to call at trial.

14   **RESPONSE:**

15

16

17

18   **REQUEST FOR PRODUCTION NO. 15:**

19       Produce all statements, written or otherwise, from any person with knowledge of the

20   allegations alleged in Plaintiffs' Complaint for Damages.

21   **RESPONSE:**

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MITCHELL  - 12
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11  272539 V1

15

1 **REQUEST FOR PRODUCTION NO. 16:**

2     Produce all documents reflecting communications with any other employee of Defendant

3 DSHS regarding Justine Booth at any time.

4 **RESPONSE:**

5

6

7

8     DATED this 11th day of November, 2008.

9

10                   HAGENS BERMAN SOBOL SHAPIRO LLP
                  Attorneys for Plaintiff

11

12                   By _____

13                      David P. Moody, WSBA # 22853
                     Anthony D. Shapiro, WSBA #12824

14                      Martin D. McLean, WSBA #33269

15

16

17

18

19

20

21

22

23

24

25

26



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

16

1   ANSWERS and RESPONSES DATED this ____ day of December, 2008.

2

3   By _____

4   Stewart A. Estes, WSBA #15535

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MITCHELL  - 14
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

003005-11 272539 V1

1

**VERIFICATION**

2  STATE OF WASHINGTON )
                       ) ss.
3  COUNTY OF _____   )

4      I, _____, certify under penalty of perjury under the laws of the State of

5  Washington that the foregoing responses are true and correct.

6      DATED this ___ day of December, 2008.

7

8                                    _____
                                     Defendant Lashonda Mitchell

9                                    **VERIFICATION**

10  STATE OF WASHINGTON )
                        ) ss.
11  COUNTY OF KING      )

12      I, Stewart A. Estes, certify under penalty of perjury under the laws of the State of

13  Washington that the foregoing responses are true and correct.

14      DATED this ___ day of December, 2008.

15

16                                   _____
                                     Steward A. Estes, WSBA #15535

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MITCHELL - 15
Case No. C08-983-JCC

**HB**
HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272539 V1

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORAINE CAMPBELL, individually and as
personal representative of the Estate of
JUSTINE BOOTH,

                                    Plaintiff,

          v.

STATE OF WASHINGTON, DEPARTMENT
OF SOCIAL AND HEALTH SERVICES,
including but not limited to the Division of
Developmental Disabilities; LASHONDA
MARIE MITCHELL, individually and in her
official capacity acting under the color of state
law; MURINE LEE McGENTY, individually
and in her official capacity acting under the
color or state law; and SONJA PATE,
individually and in her official capacity acting
under the color of state law,

                                    Defendants.

No. C08-0983-JCC

PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT
MCGENTY

[Served on November 11, 2008]

TO:        **DEFENDANT MURINE McGENTY**

AND TO:    **STEWART A. ESTES, attorney for Defendants McGenty and Mitchell**
           Keating, Bucklin & McCormack, Inc., P.S.
           800 5th Avenue, Ste. 4141
           Seattle, Washington 98104

AND TO:    **ANDREW LOGERWELL, attorney for Defendants DSHS and Pate**
           Assistant Attorney General
           7141 Cleanwater Drive Southwest
           Olympia, Washington 98504

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY - 1
Case No. C08-983-JCC

HB

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309 V1

19

## GENERAL DEFINITIONS AND PROCEDURES

**A.    Procedures**

You have been served with an original of Plaintiff's First Interrogatories and Requests for Production of Documents.  Please complete responses within the space provided and, if needed, add additional pages.  The answers and requested documents must be furnished to the undersigned attorneys by returning the verified original to the office of Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101, within thirty (30) days of service.

**B.    Scope of Responses**

By use of the pronoun "you" or "your" it is intended that the requests are to include all information known to or reasonably ascertainable by defendants, their agents, attorneys, investigators and other representatives in their capacities as such.

**C.    Time**

Unless otherwise stated, these discovery requests cover the period from January 1, 2004 to the present.  These discovery requests shall be deemed continuing, and in the event you discover further information that is responsive to these discovery requests, you must supplement the answers and responses.

**D.    Claim of Privilege**

If you contend that any document encompassed by any request is privileged, in whole or in part, or if you otherwise object to its production, then with respect to each such document:

1.    State with particularity the reason for your objection and the nature of any privilege asserted;

2.    Identify each person having knowledge of the factual basis, if any, upon which the privilege or other objection is asserted; and

3.    State the following:

a.    The date of the document;

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT MCGENTY  - 2
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309 V1

20

b.   The nature or type of the document (*e.g.*, letter, memorandum, etc.);

c.   Identify each individual who prepared the document;

d.   Identify each person to whom the document, or a copy thereof, has at any time been provided;

e.   Identify each person from whom the document has been obtained;

f.   Identify each person or entity having possession of the original of the document (or if the whereabouts of the original are unknown, identify each person or entity known or believed to have a copy or copies thereof);

g.   All other information necessary to identify the document with sufficient particularity to meet the requirements for its inclusion in a motion for production pursuant to the civil rules of procedure; and

h.   If such document was, but is not longer within your care, custody, or control, state what disposition was made of it, who disposed of it, the reason for such disposition, and the date upon which it was so disposed.

This request for production of documents is continuing in nature. If, after the date on which you have produced the requested documents, you discover additional documents responsive to this request for production, you are required to contact David P. Moody at (206) 268-9323 to arrange for production of such additional documents.

**E.   Definitions**

Included below are definitions of the terms used in these interrogatories and request for production. Please read these definitions carefully. Some of the terms used in these interrogatories and requests for production are given definitions which may be more expansive than the definitions which those terms are given in common usage.

1.   "And" shall also mean "or," and "or" shall also mean "and."

2.   "Communication" means any exchange, transfer or transmittal of information, ideas, commentary, thoughts, actions or opinions at any time or place and is not limited to transfers between persons, but includes other transfers, such as toll transfers, computer transfers, modem transfers, and the transference of records and memoranda to file.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY - 3
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

3.   "Describe," when used in reference to matters of fact or contention, means to state every material fact and circumstance specifically and completely (including, but not limited to, date, time, location, and the identity of all participants), and whether each such fact or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

4.   "Document" includes, but is not limited to, the original as well as any copies of any agreement, appointment book, assessment, blueprint, book, brochure, business form, cable, cassette, chart, check, check stub, computer disc or index thereto, computer printout, computer program, computer tape, contract, correspondence, correspondence files, desk calendar, diary, draft, drawing, email, envelope, estimate, facsimile, graph, index, invoice, .jpeg file, lease, ledger, letter, log book, manual, map, memorandum, message, minutes, minute book, model, notation, note, pamphlet, PDF, periodical, phone record, photograph, pleading, postage stamp, postcard, printout, purchase order, record, record of purchase or sale, report, reproduction, schedule, sketch, statement, study, summary, survey, tape, telegram, telex, time sheet, tin type, velum, videotape, wire, working paper, x-ray, transcription or taping of telephone or personal conversation or conference, including intercompany, intracompany, interoffice, and intraoffice memorandum or other document regarding any conference conversation, or other communication, and any and all other written, printed, typed, taped, recorded, transcribed, punched, filmed, or graphic matter, however produced or reproduced.

If a document has been prepared in several copies or additional copies have been made, and the copies are not identical, each non-identical copy is a separate "document," and should be produced for inspection and copying.

5.   "Identify" or "identity" when applied to a person, requires that you give the person's full name, residence address, residence telephone, business or occupation, employer, job title or description, business address, and business telephone. If you do not have current information regarding the person being identified, give the last known information.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 4
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309.V1

22

1      6.      "Identify or "identity," when used in reference to a business, organization, or

2   other entity, means to give the legal name of the entity, a description of its nature (*e.g.*,

3   corporation, partnership, joint venture, etc.), any business or assumed names under which it does

4   business, its principal place of business, and the address of the office(s) of such entity which are

5   involved in the transaction about which the interrogatory or request is seeking information.

6      7.      "Identify" or "identity," when used in reference to a document, requires that

7   (regardless of whether you may assert a privilege or other objection to its disclosure) you

8   describe the document (*i.e.*, whether it is a letter, memorandum, contract, etc.) and state its date,

9   the name of the person or persons whose signatures are affixed or for whom signature lines were

10  prepared if the document is unsigned, the person who prepared it, the person to whom it was

11  addressed, a short synapse of the document's contents, and the identity of all persons known to

12  you to have control or possession of such documents or copies thereof.  Your description should

13  contain sufficient detail to meet the requirements for its inclusion in a CR 34 request for

14  production or a CR 37 motion to compel.

15      In lieu of identifying any document, you may produce the document, though your answer

16  should state where the particular document can be located among the produced documents.

17      8.      "Identify" or "identity," when used in reference to a statement requires that you

18  state the date on which the statement was given, where it was given, the names and addresses of

19  the person or persons to whom it was given or by whom it was taken and who has custody of

20  such statement or copies thereof.  If any statement was, but is no longer, in your possession,

21  custody or control, state what disposition was made of it and reasons therefore.

22      9.      "Person" shall include any individual, corporation, partnership, firm, association,

23  or any other entity of any kind.

24      10.      "Person associated with" means any person who is presently or has been in the

25  past an officer, director, agent, employee, attorney, or other representative or person acting on

26  behalf of the referenced organization.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY - 5
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

23

1    11.    "Relating to" means constituting, defining, containing, embodying, reflecting,

2    identifying, stating, concerning, referring to, dealing with, or in any way pertaining to.

3    12.    "State with particularity," when used in reference to a matter of fact or contention,

4    means to state very material fact and circumstance specifically and completely (including, but

5    not limited to, date, time, location and the identity of all participants), and whether each such fact

6    or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

7    13.    "Statement" means any oral, written stenographic or recorded declaration of any

8    kind or description.

9    14.    "You and your" shall refer to and include the parties to whom this discovery is

10   directed.

11   15.    The plural shall include the singular, and the singular shall include the plural.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY - 6
Case No. C08-983-JCC

003005-11 272309 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1

## INTERROGATORIES

2  **INTERROGATORY NO. 1:**  Identify each person answering these interrogatories or providing

3  information in connection with any of the answers supplied and set forth the name and address of

4  each person, his or her relationship to you, and the number of each interrogatory which each

5  person participated in answering.

6  **ANSWER:**

7

8

9

10  **INTERROGATORY NO. 2:**  Identify each person known to you who has information relevant

11  to the allegations contained in Plaintiffs' Complaint for Damages, setting forth each person's

12  name, address and relationship to any party herein.

13  **ANSWER:**

14

15

16

17  **INTERROGATORY NO. 3:**  Identify each expert witness you intend to rely on for testimony

18  at the time of trial and set forth the subject matter on which the expert is expected to testify,

19  together with the substance of the facts and opinions to which the expert is expected to testify,

20  the materials he/she relied upon, and a summary of the grounds for each opinion.

21  **ANSWER:**

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 7
Case No. C08-983-JCC



003005-11 272309 V1

25

1    **INTERROGATORY NO. 4:**  Identify each and every fact which supports your contention that

2    Plaintiffs "failed to state a claim for which relief can be granted." [*See* Defendants' Answer,

3    First Affirmative Defense]

4    **ANSWER:**

5

6

7

8    **INTERROGATORY NO. 5:**  Identify each and every fact which supports your contention that

9    "Plaintiffs [sic] claims fall outside of the applicable statute of limitations." [*See* Defendants'

10   Answer, Second Affirmative Defense]

11   **ANSWER:**

12

13

14

15   **INTERROGATORY NO. 6:**  Identify each and every fact which supports your contention that

16   Plaintiff Loraine Campbell has "failed to mitigate her own damages and any award, therefore,

17   must be reduced by damages flowing from that failure." [*See* Defendants' Answer, Third

18   Affirmative Defense]

19   **ANSWER:**

20

21

22

23   **INTERROGATORY NO. 7:**  Identify each and every fact which supports your contention that

24   "named defendants cannot be sued in their official capacities under 42 USC Sec. 1983 and must,

25   therefore, be dismissed in their official capacities." [*See* Defendants' Answer, Fourth

26   Affirmative Defense]

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 8
Case No. C08-983-JCC

**HB**

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309 V1

26

1     **ANSWER:**

2

3

4

5     **INTERROGATORY NO. 8:**  Identify each and every fact which supports your contention that

6     Defendants are "not subject to liability under RCW 74.34." [*See* Defendants' Answer, Fifth

7     Affirmative Defense]

8     **ANSWER:**

9

10

11

12     **INTERROGATORY NO. 9:**  Identify each and every fact which supports your contention that

13     Plaintiffs' claims are "barred as a matter of law in full or in part..." [*See* Defendants' Answer,

14     Sixth Affirmative Defense]

15     **ANSWER:**

16

17

18

19     **INTERROGATORY NO. 10:**  Identify each and every fact which supports your contention that

20     Defendants "are immune from suit under the doctrine of qualified immunity..." [*See* Defendants'

21     Answer, Seventh Affirmative Defense]

22     **ANSWER:**

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 9
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309 V1

27

1  **INTERROGATORY NO. 11:**  Identify each and every fact which supports your contention that

2  "Plaintiff Loraine Campbell lacks standing to pursue damages in her individual capacity."  [*See*

3  Defendants' Answer, Eighth Affirmative Defense]

4  **ANSWER:**

5

6

7

8  **INTERROGATORY NO. 12:**

9      Identify each and every individual or entity who you believe caused plaintiffs' alleged

10  damages.

11  **ANSWER:**

12

13

14

15  **INTERROGATORY NO. 13:**

16      Identify each and every fact which supports your belief that the individuals and/or entities

17  identified in your answer to the preceding interrogatory caused plaintiffs' damages.

18  **ANSWER:**

19

20

21

22  **INTERROGATORY NO. 14:**

23      Identify each and every step you have taken, if any, to challenge the termination of your

24  employment by Defendant DSHS.  [*See* July 16, 2008 letter attached hereto at Exhibit "A"]

25  **ANSWER:**

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 10
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309 V1

28

1

## REQUESTS FOR PRODUCTION OF DOCUMENTS

2

**REQUEST FOR PRODUCTION NO. 1:**

3

Produce each and every document that refers or relates to Justine Booth.

4

**RESPONSE:**

5

6

7

8

**REQUEST FOR PRODUCTION NO. 2:**

9

Produce each and every document that refers or relates to Loraine Campbell.

10

**RESPONSE:**

11

12

13

14

**REQUEST FOR PRODUCTION NO. 3:**

15

Produce a copy of each and every handbook, guideline, internal policy, regulation, rule or

16

other document that concerns, refers or relates to your care of Justine Booth.

17

**RESPONSE:**

18

19

20

21

**REQUEST FOR PRODUCTION NO. 4:**

22

Produce your complete employment and/or personnel file.

23

**RESPONSE:**

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 11
Case No. C08-983-JCC

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  **REQUEST FOR PRODUCTION NO. 5:**

2      Produce all documentation reflecting any payment received by you from Defendant

3  DSHS, from January 1, 2004 to the present.

4  **RESPONSE:**

5

6

7

8  **REQUEST FOR PRODUCTION NO. 6:**

9      Produce all documentation reflecting any training you received from Defendant DSHS.

10  **RESPONSE:**

11

12

13

14  **REQUEST FOR PRODUCTION NO. 7:**

15      Produce all documentation reflecting any training received, at any time, related to

16  seizures and/or seizure disorders.

17  **RESPONSE:**

18

19

20

21  **REQUEST FOR PRODUCTION NO. 8:**

22      Produce all documentation reflecting any training you received regarding the bathing of

23  Justine Booth.

24  **RESPONSE:**

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 12
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309 V1

30

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documentation referring or relating to any and all responsibilities or duties you had when caring for or supervising Justine Booth.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documentation reflecting any reprimand, disciplinary action, or corrective action you received while employed by Defendant DSHS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documentation which refers or relates in any manner whatsoever to Defendant DSHS' decision to terminate your employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents reflecting any challenge, appeal, lawsuit, grievance, or other efforts taken to prevent Defendant DSHS from terminating your employment.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 13
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309 V1

31

1   **RESPONSE**:

2

3

4

5   **REQUEST FOR PRODUCTION NO. 13**:

6       Produce all documents reflecting insurance coverage available to you for the injuries

7   alleged in Plaintiffs' Complaint for Damages.

8   **RESPONSE**:

9

10

11

12   **REQUEST FOR PRODUCTION NO. 14**:

13       Produce any and all reports prepared by any expert witness you intend to call at trial.

14   **RESPONSE**:

15

16

17

18   **REQUEST FOR PRODUCTION NO. 15**:

19       Produce all statements, written or otherwise, from any person with knowledge of the

20   allegations alleged in Plaintiffs' Complaint for Damages.

21   **RESPONSE**:

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 14
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309 V1

1  **REQUEST FOR PRODUCTION NO. 16:**

2      Produce all documents reflecting communications with any other employee of Defendant

3  DSHS regarding Justine Booth at any time.

4  **RESPONSE:**

5

6

7

8      DATED this _11th_ day of November, 2008.

9

10                              HAGENS BERMAN SOBOL SHAPIRO LLP
                                Attorneys for Plaintiffs

11

12

13      By _____
                                David P. Moody, WSBA # 22853
14                              Anthony D. Shapiro, WSBA #12824
                                Martin D. McLean, WSBA #33269
15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 15
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309 V1

33

1   ANSWERS and RESPONSES DATED this _____ day of December, 2008.

2

3   By _____

4   Stewart A. Estes, WSBA #15535

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 16
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

**VERIFICATION**

STATE OF WASHINGTON )
) ss.
COUNTY OF _____ )

I, _____, certify under penalty of perjury under the laws of the State of Washington that the foregoing responses are true and correct.

DATED this ___ day of December, 2008.

_____
Defendant McGenty

**VERIFICATION**

STATE OF WASHINGTON )
) ss.
COUNTY OF KING )

I, Stewart A. Estes, certify under penalty of perjury under the laws of the State of Washington that the foregoing responses are true and correct.

DATED this ___ day of December, 2008.

_____
Steward A. Estes, WSBA #15535

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT MCGENTY  - 17
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003005-11 272309 V1

35

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORAINE CAMPBELL, individually and as personal representative of the Estate of JUSTINE BOOTH,<br><br>                     Plaintiff,<br><br>     v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, including but not limited to the Division of Developmental Disabilities; LASHONDA MARIE MITCHELL, individually and in her official capacity acting under the color of state law; MURINE LEE McGENTY, individually and in her official capacity acting under the color or state law; and SONJA PATE, individually and in her official capacity acting under the color of state law,<br><br>                  Defendants. | No. C08-0983-JCC<br><br>PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT PATE<br><br>**[Served on November 12, 2008]** |

TO:       **DEFENDANT SONJA PATE**

AND TO:   **ANDREW LOGERWELL, attorney for Defendants DSHS and Pate**
               Assistant Attorney General
               7141 Cleanwater Drive Southwest
               Olympia, Washington 98504

AND TO:   **STEWART A. ESTES, attorney for Defendants McGenty and Mitchell**
               Keating, Bucklin & McCormack, Inc., P.S.
               800 5th Avenue, Ste. 4141
               Seattle, Washington 98104

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE - 1
Case No. C08-983-JCC

003020-11 272490 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

36

# GENERAL DEFINITIONS AND PROCEDURES

**A.    Procedures**

You have been served with an original of Plaintiff's First Interrogatories and Requests for Production of Documents.  Please complete responses within the space provided and, if needed, add additional pages.  The answers and requested documents must be furnished to the undersigned attorneys by returning the verified original to the office of Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101, within thirty (30) days of service.

**B.    Scope of Responses**

By use of the pronoun "you" or "your" it is intended that the requests are to include all information known to or reasonably ascertainable by defendants, their agents, attorneys, investigators and other representatives in their capacities as such.

**C.    Time**

Unless otherwise stated, these discovery requests cover the period from January 1, 2004 to the present.  These discovery requests shall be deemed continuing, and in the event you discover further information that is responsive to these discovery requests, you must supplement the answers and responses.

**D.    Claim of Privilege**

If you contend that any document encompassed by any request is privileged, in whole or in part, or if you otherwise object to its production, then with respect to each such document:

1.    State with particularity the reason for your objection and the nature of any privilege asserted;

2.    Identify each person having knowledge of the factual basis, if any, upon which the privilege or other objection is asserted; and

3.    State the following:

a.    The date of the document;

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 2
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 272490 V1

37

b.    The nature or type of the document (*e.g.*, letter, memorandum, etc.);

c.    Identify each individual who prepared the document;

d.    Identify each person to whom the document, or a copy thereof, has at any time been provided;

e.    Identify each person from whom the document has been obtained;

f.    Identify each person or entity having possession of the original of the document (or if the whereabouts of the original are unknown, identify each person or entity known or believed to have a copy or copies thereof);

g.    All other information necessary to identify the document with sufficient particularity to meet the requirements for its inclusion in a motion for production pursuant to the civil rules of procedure; and

h.    If such document was, but is not longer within your care, custody, or control, state what disposition was made of it, who disposed of it, the reason for such disposition, and the date upon which it was so disposed.

This request for production of documents is continuing in nature. If, after the date on which you have produced the requested documents, you discover additional documents responsive to this request for production, you are required to contact David P. Moody at (206) 268-9323 to arrange for production of such additional documents.

**E.    Definitions**

Included below are definitions of the terms used in these interrogatories and request for production. Please read these definitions carefully. Some of the terms used in these interrogatories and requests for production are given definitions which may be more expansive than the definitions which those terms are given in common usage.

1.    "And" shall also mean "or," and "or" shall also mean "and."

2.    "Communication" means any exchange, transfer or transmittal of information, ideas, commentary, thoughts, actions or opinions at any time or place and is not limited to transfers between persons, but includes other transfers, such as toll transfers, computer transfers, modem transfers, and the transference of records and memoranda to file.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 3
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

3.      "Describe," when used in reference to matters of fact or contention, means to state every material fact and circumstance specifically and completely (including, but not limited to, date, time, location, and the identity of all participants), and whether each such fact or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

4.      "Document" includes, but is not limited to, the original as well as any copies of any agreement, appointment book, assessment, blueprint, book, brochure, business form, cable, cassette, chart, check, check stub, computer disc or index thereto, computer printout, computer program, computer tape, contract, correspondence, correspondence files, desk calendar, diary, draft, drawing, email, envelope, estimate, facsimile, graph, index, invoice, .jpeg file, lease, ledger, letter, log book, manual, map, memorandum, message, minutes, minute book, model, notation, note, pamphlet, PDF, periodical, phone record, photograph, pleading, postage stamp, postcard, printout, purchase order, record, record of purchase or sale, report, reproduction, schedule, sketch, statement, study, summary, survey, tape, telegram, telex, time sheet, tin type, velum, videotape, wire, working paper, x-ray, transcription or taping of telephone or personal conversation or conference, including intercompany, intracompany, interoffice, and intraoffice memorandum or other document regarding any conference conversation, or other communication, and any and all other written, printed, typed, taped, recorded, transcribed, punched, filmed, or graphic matter, however produced or reproduced.

If a document has been prepared in several copies or additional copies have been made, and the copies are not identical, each non-identical copy is a separate "document," and should be produced for inspection and copying.

5.      "Identify" or "identity" when applied to a person, requires that you give the person's full name, residence address, residence telephone, business or occupation, employer, job title or description, business address, and business telephone.  If you do not have current information regarding the person being identified, give the last known information.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 4
Case No. C08-983-JCC

003020-11 272490 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

39

6.      "Identify or "identity," when used in reference to a business, organization, or other entity, means to give the legal name of the entity, a description of its nature (*e.g.*, corporation, partnership, joint venture, etc.), any business or assumed names under which it does business, its principal place of business, and the address of the office(s) of such entity which are involved in the transaction about which the interrogatory or request is seeking information.

7.      "Identify" or "identity," when used in reference to a document, requires that (regardless of whether you may assert a privilege or other objection to its disclosure) you describe the document (*i.e.*, whether it is a letter, memorandum, contract, etc.) and state its date, the name of the person or persons whose signatures are affixed or for whom signature lines were prepared if the document is unsigned, the person who prepared it, the person to whom it was addressed, a short synapse of the document's contents, and the identity of all persons known to you to have control or possession of such documents or copies thereof. Your description should contain sufficient detail to meet the requirements for its inclusion in a CR 34 request for production or a CR 37 motion to compel.

In lieu of identifying any document, you may produce the document, though your answer should state where the particular document can be located among the produced documents.

8.      "Identify" or "identity," when used in reference to a statement requires that you state the date on which the statement was given, where it was given, the names and addresses of the person or persons to whom it was given or by whom it was taken and who has custody of such statement or copies thereof. If any statement was, but is no longer, in your possession, custody or control, state what disposition was made of it and reasons therefore.

9.      "Person" shall include any individual, corporation, partnership, firm, association, or any other entity of any kind.

10.     "Person associated with" means any person who is presently or has been in the past an officer, director, agent, employee, attorney, or other representative or person acting on behalf of the referenced organization.

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 5
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

40

1    11.    "Relating to" means constituting, defining, containing, embodying, reflecting,

2  identifying, stating, concerning, referring to, dealing with, or in any way pertaining to.

3    12.    "State with particularity," when used in reference to a matter of fact or contention,

4  means to state very material fact and circumstance specifically and completely (including, but

5  not limited to, date, time, location and the identity of all participants), and whether each such fact

6  or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

7    13.    "Statement" means any oral, written stenographic or recorded declaration of any

8  kind or description.

9    14.    "You and your" shall refer to and include the parties to whom this discovery is

10  directed.

11    15.    The plural shall include the singular, and the singular shall include the plural.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 6
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11  272490 V1

1

## **INTERROGATORIES**

2  **INTERROGATORY NO. 1:**  Identify each person answering these interrogatories or providing

3  information in connection with any of the answers supplied and set forth the name and address of

4  each person, his or her relationship to you, and the number of each interrogatory which each

5  person participated in answering.

6  **ANSWER:**

7

8

9

10  **INTERROGATORY NO. 2:**  Identify each person known to you who has information relevant

11  to the allegations contained in Plaintiffs' Complaint for Damages, setting forth each person's

12  name, address and relationship to any party herein.

13  **ANSWER:**

14

15

16

17  **INTERROGATORY NO. 3:**  Identify each expert witness you intend to rely on for testimony

18  at the time of trial and set forth the subject matter on which the expert is expected to testify,

19  together with the substance of the facts and opinions to which the expert is expected to testify,

20  the materials he/she relied upon, and a summary of the grounds for each opinion.

21  **ANSWER:**

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 7
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 272490 V1

42

1   **INTERROGATORY NO. 4:**  Identify each and every fact which supports your contention that

2   Plaintiffs "failed to state a claim for which relief can be granted." [*See* Defendants' Answer,

3   First Affirmative Defense]

4   **ANSWER:**

5

6

7

8   **INTERROGATORY NO. 5:**  Identify each and every fact which supports your contention that

9   "Plaintiffs [sic] claims fall outside of the applicable statute of limitations." [*See* Defendants'

10   Answer, Second Affirmative Defense]

11   **ANSWER:**

12

13

14

15   **INTERROGATORY NO. 6:**  Identify each and every fact which supports your contention that

16   Plaintiff Loraine Campbell has "failed to mitigate her own damages and any award, therefore,

17   must be reduced by damages flowing from that failure." [*See* Defendants' Answer, Third

18   Affirmative Defense]

19   **ANSWER:**

20

21

22

23   **INTERROGATORY NO. 7:**  Identify each and every fact which supports your contention that

24   "named defendants cannot be sued in their official capacities under 42 USC Sec. 1983 and must,

25   therefore, be dismissed in their official capacities." [*See* Defendants' Answer, Fourth

26   Affirmative Defense]

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 8
Case No. C08-983-JCC

**HB**

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 272490 V1

43

1    **ANSWER:**

2

3

4

5    **INTERROGATORY NO. 8:**  Identify each and every fact which supports your contention that

6    Defendants are "not subject to liability under RCW 74.34."  [*See* Defendants' Answer, Fifth

7    Affirmative Defense]

8    **ANSWER:**

9

10

11

12   **INTERROGATORY NO. 9:**  Identify each and every fact which supports your contention that

13   Plaintiffs' claims are "barred as a matter of law in full or in part..."  [*See* Defendants' Answer,

14   Sixth Affirmative Defense]

15   **ANSWER:**

16

17

18

19   **INTERROGATORY NO. 10:**  Identify each and every fact which supports your contention that

20   Defendants "are immune from suit under the doctrine of qualified immunity..."  [*See* Defendants'

21   Answer, Seventh Affirmative Defense]

22   **ANSWER:**

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 9
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   **INTERROGATORY NO. 11:**  Identify each and every fact which supports your contention that

2   "Plaintiff Loraine Campbell lacks standing to pursue damages in her individual capacity."  [*See*

3   Defendants' Answer, Eighth Affirmative Defense]

4   **ANSWER:**

5

6

7

8   **INTERROGATORY NO. 12:**

9        Identify each and every individual or entity who you believe caused plaintiffs' alleged

10  damages.

11  **ANSWER:**

12

13

14

15  **INTERROGATORY NO. 13:**

16       Identify each and every fact which supports your belief that the individuals and/or entities

17  identified in your answer to the preceding interrogatory caused plaintiffs' damages.

18  **ANSWER:**

19

20

21

22  **INTERROGATORY NO. 14:**

23       Describe in detail your job responsibilities with SOLA from January 1, 2004 to the

24  present.

25  **ANSWER:**

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 10
Case No. C08-983-JCC

003020-11 272490 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

45

1

2

3   **<u>INTERROGATORY NO. 15:</u>**

4       Describe in detail your role in the creation of Justine Booth's SOLA Support Plans.

5   **<u>ANSWER:</u>**

6

7

8

9   **<u>INTERROGATORY NO. 16:</u>**

10       Identify each and every step you took to implement Justine Booth's SOLA Support Plans

11   from January 1, 2004 to the present.

12   **<u>ANSWER:</u>**

13

14

15

16   **<u>INTERROGATORY NO. 17:</u>**

17       Identify each and every protocol you implemented to ensure that Justine Booth was

18   supervised while bathing.

19   **<u>ANSWER:</u>**

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 11
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11  272490 V1

46

1        **REQUESTS FOR PRODUCTION OF DOCUMENTS**

2    **REQUEST FOR PRODUCTION NO. 1:**

3        Produce each and every document that refers or relates to Justine Booth.

4    **RESPONSE:**

5

6

7

8    **REQUEST FOR PRODUCTION NO. 2:**

9        Produce each and every document that refers or relates to Loraine Campbell.

10   **RESPONSE:**

11

12

13

14   **REQUEST FOR PRODUCTION NO. 3:**

15       Produce a copy of each and every handbook, guideline, internal policy, regulation, rule or

16   other document that concerns, refers or relates to your care of Justine Booth.

17   **RESPONSE:**

18

19

20

21   **REQUEST FOR PRODUCTION NO. 4:**

22       Produce your complete employment and/or personnel file.

23   **RESPONSE:**

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 12
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 272490 V1

47

1   **REQUEST FOR PRODUCTION NO. 5:**

2       Produce all documentation reflecting any payment received by you from Defendant

3   DSHS, from January 1, 2004 to the present.

4   **RESPONSE:**

5

6

7

8   **REQUEST FOR PRODUCTION NO. 6:**

9       Produce all documentation reflecting any training you received from Defendant DSHS.

10  **RESPONSE:**

11

12

13

14  **REQUEST FOR PRODUCTION NO. 7:**

15      Produce all documentation reflecting any training received, at any time, related to

16  seizures and/or seizure disorders.

17  **RESPONSE:**

18

19

20

21  **REQUEST FOR PRODUCTION NO. 8:**

22      Produce all documentation reflecting any training you received regarding the bathing of

23  Justine Booth.

24  **RESPONSE:**

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 13
Case No. C08-983-JCC

003020-11 272490 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

48

1

2 **REQUEST FOR PRODUCTION NO. 9:**

3        Produce all documentation reflecting any training you provided to any individual

4 employed by Defendant DSHS from January 1, 2004 to the present.

5 **RESPONSE:**

6

7

8

9 **REQUEST FOR PRODUCTION NO. 10:**

10        Produce all documentation reflecting your efforts to verify that Justine Booth's SOLA

11 Support Plan(s) were implemented from January 1, 2004 to the present.

12 **RESPONSE:**

13

14

15

16 **REQUEST FOR PRODUCTION NO. 11:**

17        Produce all documentation reflecting your efforts to verify that Justine Booth was

18 supervised while bathing.

19 **RESPONSE:**

20

21

22

23 **REQUEST FOR PRODUCTION NO. 12:**

24        Produce all documentation referring or relating to any and all responsibilities or duties

25 you had when caring for or supervising Justine Booth.

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 14
Case No. C08-983-JCC

003020-11 272490 V1

1  **RESPONSE:**

2

3

4

5  **REQUEST FOR PRODUCTION NO. 13:**

6     Produce all documentation referring or relating to your supervision and/or management

7  of Defendants McGenty and Mitchell.

8  **RESPONSE:**

9

10

11

12  **REQUEST FOR PRODUCTION NO. 14:**

13     Produce all documentation reflecting any reprimand, disciplinary action, or corrective

14  action you received while employed by Defendant DSHS.

15  **RESPONSE:**

16

17

18

19  **REQUEST FOR PRODUCTION NO. 15:**

20     Produce all records reflecting your job description(s) from January 1, 2004 to the present.

21  **RESPONSE:**

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 15
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 272490 V1

**REQUEST FOR PRODUCTION NO. 16:**

Produce an organizational chart(s) reflecting your role(s) in the SOLA program from January 1, 2004 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents reflecting insurance coverage available to you for the injuries alleged in Plaintiffs' Complaint for Damages.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Produce any and all reports prepared by any expert witness you intend to call at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all statements, written or otherwise, from any person with knowledge of the allegations alleged in Plaintiffs' Complaint for Damages.

**RESPONSE:**



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

51

1

2  **REQUEST FOR PRODUCTION NO. 20:**

3      Produce all documents reflecting communications with any other employee of Defendant

4  DSHS regarding Justine Booth at any time.

5  **RESPONSE**:

6

7

8

9      DATED this 11ᵗʰ day of November, 2008.

10
                             HAGENS BERMAN SOBOL SHAPIRO LLP
11                           Attorneys for Plaintiffs

12

13                           By _____
                                 David P. Moody, WSBA # 22853
14                               Anthony D. Shapiro, WSBA #12824
                                 Martin D. McLean, WSBA #33269
15

16

17

18

19

20

21

22

23

24

25

26



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

52

1      ANSWERS and RESPONSES DATED this ____ day of December, 2008.

2

3                        By _____

4                           Andrew Logerwell, WSBA #38734

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE  - 18
Case No. C08-983-JCC



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 272490 V1

1

## **VERIFICATION**

2   STATE OF WASHINGTON   )
                          ) ss.
3   COUNTY OF _____     )

4       I, Sonja Pate, certify under penalty of perjury under the laws of the State of Washington that

5   the foregoing responses are true and correct.

6       DATED this ___ day of December, 2008.

7

8                                        Defendant Sonja Pate

9   ## **VERIFICATION**

10  STATE OF WASHINGTON   )
                          ) ss.
11  COUNTY OF )

12      I, Andrew Logerwell, certify under penalty of perjury under the laws of the State of

13  Washington that the foregoing responses are true and correct.

14      DATED this ___ day of December, 2008.

15

16                              Andrew Logerwell, WSBA #38734

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT PATE - 19
Case No. C08-983-JCC

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 272490 V1

54

1

2                                                    HONORABLE JOHN C. COUGHENOUR

3

4

5

6

7                               UNITED STATES DISTRICT COURT
                              WEST DISTRICT OF WASHINGTON AT SEATTLE
8

9   LORAINE CAMPBELL, individually and
    as personal representative of the Estate of          No. C08-0983 JCC
10  JUSTINE BOOTH,

11                                      Plaintiff,        DEFENDANT MITCHELL'S
                                                         ANSWERS TO PLAINTIFF'S FIRST
        v.                                               INTERROGATORIES AND
12                                                       REQUESTS FOR PRODUCTION
    STATE OF WASHINGTON,
13  DEPARTMENT OF SOCIAL AND
    HEALTH SERVICES, including but not
14  limited to the Division of Developmental
    Disabilities; LASHONDA MARIE
15  MITCHELL, individually and in her official
    capacity acting under the color of state law;
16  MURINE LEE McGENTY, individually
    and in her official capacity acting under the
17  color of state law; SONJA PATE,
    individually and in her official capacity
18  acting under color of state law,

19                                    Defendants.

20                           **PRELIMINARY OBJECTION**

21          Defendant objects to the preambulary language of Plaintiff's discovery as

22  inappropriately attempting to impose obligations not found in Fed.R.Civ.P. 26, 33 and 34,

23  Defendant will respond according to the rules.

24  DEFENDANT MITCHELL'S ANSWERS TO PLAINTIFF'S
    FIRST INTERROGATORIES AND REQUESTS FOR
    PRODUCTION - 1
    Cause No. C08-0983 JCC                          KEATING, BUCKLIN & McCORMACK, INC., P.S.
    K:\SAE\wash08001\p-120908-mitchell ans 1st roggrfp.doc        ATTORNEYS AT LAW
                                                              800 FIFTH AVENUE, SUITE 4141
                                                          SEATTLE, WASHINGTON 98104-3175
                                                               PHONE: (206) 623-8861
                                                                FAX: (206) 223-9423

ORIGINAL

55

1

**INTERROGATORY NO. 1.:** Identify each person answering these interrogatories

2

or providing information in connect with any of the answers supplied and set forth the name

3

and address of each person, his or her relationship to you, and the number of interrogatory

4

which each participated in answering.

5

      **ANSWER:**  LaShonda Mitchell

6

7

8

      **INTERROGATORY NO. 2.:**   Identify each person known to you who has

9

information relevant to the allegations contained in Plaintiff's Complaint for Damages,

10

setting forth each person's name, address, and relationship to any party herein.

11

      **ANSWER:**  Objection.  Vague and overbroad; requests Defendant to make a legal

12

determination of what Plaintiff believes is "relevant to the allegations."  Without waiving

13

said objections, please see my initial disclosures. *See also, Campbell v. State*, 05000001-

14

05000417.

15

16

17

      **INTERROGATORY NO. 3.:**  Identify each expert witness you intend to rely on

18

for testimony at the time of trial and set forth the subject matter on which the expert is

19

expected to testify, together with the substance of the facts and opinion to which the expert

20

is expected to testify, the materials he/she relied upon, and a summary of the grounds of

21

reach opinion.

22

      **ANSWER:**  No such expert has been identified at this time.

23

24

DEFENDANT MITCHELL'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 2
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mitchell ans 1st rogqrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1
2

**INTERROGATORY NO. 4.:**  Identify each and every fact which supports your contention that Plaintiffs "failed to state a claim for which relief can be granted."

3
4
5
6
7
8
9

**ANSWER:**  Objection: This interrogatory calls for legal conclusions.  Affirmative defenses are legal defenses and the legal reasoning supporting an affirmative defense is work product.  Please see applicable case law including, but not limited to, *Johnson v. Ocean Ships, Inc.*, 2006 WL 2166192 W.D.Wash. (2006); and, *Sporck v. Peil*, 759 F .2d 312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome to the extent that it requests each fact supporting the defense.  Without waiving said objection, see Plaintiff's First Amended Complaint.

10
11
12

13
14

**INTERROGATORY NO. 5.:**  Identify each and every fact which supports your contention that "Plaintiffs (sic) claims fall outside of the applicable statute of limitations."

15
16
17
18
19
20
21

**ANSWER:**  Objection: This interrogatory calls for legal conclusions.  Affirmative defenses are legal defenses and the legal reasoning supporting an affirmative defense is work product.  Please see applicable case law including, but not limited to, *Johnson v. Ocean Ships, Inc.*, 2006 WL 2166192 W.D.Wash. (2006); and, *Sporck v. Peil*, 759 F .2d 312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome to the extent that it requests each fact supporting the defense.   Without waiving said objection, see Plaintiff's First Amended Complaint.

22
23
24

DEFENDANT MITCHELL'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 3
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mitchell ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

57

1  **INTERROGATORY NO. 6.:** Identify each an every step you have taken, if any,

2  to challenge the termination of your employment by Defendant DSHS.

3      **ANSWER:** My termination was appealed on my behalf.

4

5

6                          **REQUESTS FOR PRODUCTION**

7      **REQUEST FOR PRODUCTION NO. 1.:** Produce each and every document that

8  refers or relates to Justine Booth.

9      **RESPONSE:** I do not have any such documents.

10

11

12

13      **REQUEST FOR PRODUCTION NO. 2.:** Produce each and every document that

14  refers or related to Loraine Campbell.

15      **RESPONSE:** I do not have any such documents.

16

17

18      **REQUEST FOR PRODUCTION NO. 3.:** Produce a copy of each and every

19  handbook, guideline, internal policy, regulation, rule or other document that concerns,

20  refers or relates to your care of Justine Booth.

21      **RESPONSE:** I do not have any such documents.

22

23

24  DEFENDANT MITCHELL'S ANSWERS TO PLAINTIFF'S
    FIRST INTERROGATORIES AND REQUESTS FOR
    PRODUCTION - 4
    Cause No. C08-0983 JCC
    K:\SAE\wash08001\p-120908-mitchell ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

58

1    **REQUEST FOR PRODUCTION NO. 4.:**  Produce your complete employment
2    and/or personnel file.

3    **RESPONSE:**  I do not have any such documents.

4

5

6

7    **REQUEST FOR PRODUCTION NO. 5.:**  Produce all documentation reflecting
8    any payment received by you from Defendant DSHS, from January 1, 2004 to the present.

9    **RESPONSE:**   Objection.   This request is neither relevant, nor designed to elicit
10   information that would lead to admissible evidence.  Additionally, the request is harassing and
11   vexatious.  Defendant invites Plaintiff to explain the propriety of the question.

12

13

14   **REQUEST FOR PRODUCTION NO. 6.:**  Produce all documentation reflecting any
15   training you received from Defendant DSHS.

16   **RESPONSE:**  I do not have any such documents.

17

18

19   **REQUEST FOR PRODUCTION NO. 7.:**  Produce all documentation reflecting any
20   training received, at any time, related to seizures and/or seizure disorders.

21   **RESPONSE:**  I do not have any such documents.

22

23

24   DEFENDANT MITCHELL'S ANSWERS TO PLAINTIFF'S
     FIRST INTERROGATORIES AND REQUESTS FOR
     PRODUCTION - 5
     Cause No. C08-0983 JCC
     K:\SAE\wash08001\p-120908-mitchell ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

59

1

**REQUEST FOR PRODUCTION NO. 8.:**  Produce all documentation reflecting any

2

training you received regarding the bathing of Justine Booth.

3

**RESPONSE:**  I do not have any such documents.

4

5

6

7

**REQUEST FOR PRODUCTION NO. 9.:**  Produce all documentation referring or

8

relating to any and all responsibilities or duties you had when caring for or supervising Justine

9

Booth.

10

**RESPONSE:**  I do not have any such documents.

11

12

13

14

**REQUEST FOR PRODUCTION NO. 10.:**  Produce all documentation reflecting

15

any reprimand, disciplinary action, or corrective action you received while employed by

16

Defendant DSHS.

17

**RESPONSE:**   Objection, Vague and confusing ("corrective action").   Without

18

waiving said objections, I do not have any such documents.  Please see *Campbell v. State*,

19

11000112-11000125.

20

21

22

23

24

DEFENDANT MITCHELL'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 6
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mitchell ans 1st roggrfp.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1   **REQUEST FOR PRODUCTION NO. 11.:**   Produce all documentation which

2   refers or relates in any manner whatsoever to Defendant DSHS' decision to terminate your

3   employment.

4   **RESPONSE:**  *See* response to Request for Production No. 10.  See also, Campbell v.

5   State, 05000001-05000417.

6

7

8   **REQUEST FOR PRODUCTION NO. 12.:**  Produce all documents reflecting any

9   challenge, appeal, lawsuit, grievance, or other efforts taken to prevent Defendant DSHS

10   from terminating your employment.

11   **RESPONSE:**  My termination was appealed on my behalf.  I do not have any such

12   documents.

13

14

15   **REQUEST FOR PRODUCTION NO. 13.:**   Produce all documents reflecting

16   insurance coverage available to you for the injuries alleged in Plaintiffs' Complaint for

17   Damages.

18   **RESPONSE:**  I do not have any such insurance.

19

20

21

22

23

24   DEFENDANT MITCHELL'S ANSWERS TO PLAINTIFF'S
     FIRST INTERROGATORIES AND REQUESTS FOR
     PRODUCTION - 7
     Cause No. C08-0983 JCC
     K:\SAE\wash08001\p-120908-mitchell ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1   **REQUEST FOR PRODUCTION NO. 14.:**  Produce any and all reports prepared by

2   any expert witness you intend to call at trial.

3   **RESPONSE:**  *See* response to Interrogatory No. 3.

4

5

6   **REQUEST FOR PRODUCTION NO. 15.:**  Produce all statements, written or

7   otherwise, from any person with knowledge of the allegations in Plaintiffs' Complaint for

8   Damages.

9   **RESPONSE:**  Objection.  Work product; beyond the scope of Fed.R.Civ.P. 26.  In

10   addition, based on Plaintiff's insufficient pleadings, the Court previously ordered Plaintiff to

11   amend her Complaint.  Plaintiff then filed a First Amended Complaint.  Thus, "Plaintiffs' (sic)

12   Complaint for Damages" has passed out of the case and is a nullity.

13

14   **REQUEST FOR PRODUCTION NO. 16.:**  Produce all documents reflecting

15   communications with any other employee of Defendant DSHS regarding Justine Booth at any

16   time.

17   **RESPONSE:**  I do not have any such documents.

18   Objections dated this 10 day of December, 2008.

19                    KEATING, BUCKLIN & McCORMACK, INC., P.S.

20

21

22   Stewart A. Estes, WSBA #15535
     Special Assistant Attorney General for Defendants
23   Mitchell and McGentry

24   DEFENDANT MITCHELL'S ANSWERS TO PLAINTIFF'S
     FIRST INTERROGATORIES AND REQUESTS FOR
     PRODUCTION - 8
     Cause No. C08-0983 JCC
     K:\SAE\wash08001\p-120908-mitchell ans 1st rogqrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

62

STATE OF WASHINGTON )
                     ) ss.
COUNTY OF _____ )

I, LaShonda Mitchell, being first duly sworn upon oath, deposes and says that she is a Defendant in the above-entitled action, that she has read the within and foregoing Plaintiff's First Interrogatories and Requests for Production to Defendant and answers thereto; knows the contents thereof; and believes the same to be true.

_____
LASHONDA MITCHELL

SUBSCRIBED AND SWORN to before me this _____ day of December, 2008.

_____
NOTARY PUBLIC in and for the
State of Washington, residing at
_____
Commission Expires:_____

DEFENDANT MITCHELL'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 9
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mitchell ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

## DECLARATION OF SERVICE

2      I, Valerie Macan, hereby declare under penalty of perjury of the laws of the State of

3  Washington that I am of legal age and not a party to this action; that on the _11_ day of

4  December, 2008, I caused a copy of Defendant Mitchell's Answers to Plaintiff's First

5  Interrogatories and Requests for Production to be

6      [  ]   faxed; and/or
       [  ]   mailed via U.S. Mail, postage pre-paid; and/or
7      [ ✗ ]  sent via ABC Legal Messengers, Inc.

8  from Seattle, Washington, addressed as follows:

9      David Moody
       Hagens Berman Sobol Shapiro, LLP
10     1301 5th Avenue, Ste 2900
       Seattle, WA 98101

11

12                                    _Valerie Macan_

13     _____
       Valerie Macan

14

15

16

17

18

19

20

21

22

23

24  DEFENDANT MITCHELL'S ANSWERS TO PLAINTIFF'S
    FIRST INTERROGATORIES AND REQUESTS FOR
    PRODUCTION - 10                                KEATING, BUCKLIN & McCORMACK, INC., P.S.
    Cause No. C08-0983 JCC                                  ATTORNEYS AT LAW
    K:\SAE\wash08001\p-120908-mitchell ans 1st roggrfp.doc         800 FIFTH AVENUE, SUITE 4141
                                                           SEATTLE, WASHINGTON 98104-3175
                                                              PHONE: (206) 623-8861
                                                               FAX: (206) 223-9423

UNITED STATES DISTRICT COURT
WEST DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LORAINE CAMPBELL, individually and as personal representative of the Estate of JUSTINE BOOTH,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, including but not limited to the Division of Developmental Disabilities; LASHONDA MARIE MITCHELL, individually and in her official capacity acting under the color of state law; MURINE LEE McGENTY, individually and in her official capacity acting under the color of state law; SONJA PATE, individually and in her official capacity acting under color of state law,<br><br>Defendants. | No. C08-0983 JCC<br><br>DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION |

## PRELIMINARY OBJECTION

Defendant objects to the preambulary language of Plaintiff's discovery as inappropriately attempting to impose obligations not found in Fed.R.Civ.P. 26, 33 and 34, Defendant will respond according to the rules.

DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 1
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

ORIGINAL

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    **INTERROGATORY NO. 1.:**  Identify each person answering these interrogatories

2    or providing information in connect with any of the answers supplied and set forth the name

3    and address of each person, his or her relationship to you, and the number of interrogatory

4    which each participated in answering.

5    **ANSWER:** Murine McGenty

6

7

8    **INTERROGATORY NO. 2.:**   Identify each person known to you who has

9    information relevant to the allegations contained in Plaintiff's Complaint for Damages,

10   setting forth each person's name, address, and relationship to any party herein.

11   **ANSWER:** Objection.  Vague and overbroad; requests Defendant to make a legal

12   determination of what Plaintiff believes is "relevant to the allegations."  Without waiving

13   said objections, please see my Initial Disclosures. *See also*, *Campbell v. State,* 05000001-

14   05000417.

15

16

17   **INTERROGATORY NO. 3.:**  Identify each expert witness you intend to rely on

18   for testimony at the time of trial and set forth the subject matter on which the expert is

19   expected to testify, together with the substance of the facts and opinion to which the expert

20   is expected to testify, the materials he/she relied upon, and a summary of the grounds of

21   reach opinion.

22   **ANSWER:** No such expert has been identified at this time.

23

24   DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
     FIRST INTERROGATORIES AND REQUESTS FOR
     PRODUCTION - 2                                          KEATING, BUCKLIN & McCORMACK, INC., P.S.
     Cause No. C08-0983 JCC                                  ATTORNEYS AT LAW
     K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc   800 FIFTH AVENUE, SUITE 4141
                                                             SEATTLE, WASHINGTON 98104-3175
                                                             PHONE:  (206) 623-8861
                                                             FAX:  (206) 223-9423

1     **INTERROGATORY NO. 4.:**  Identify each and every fact which supports your

2 contention that Plaintiffs "failed to state a claim for which relief can be granted."

3     **ANSWER:**  Objection: This interrogatory calls for legal conclusions.  Affirmative

4 defenses are legal defenses and the legal reasoning supporting an affirmative defense is

5 work product.  Please see applicable case law including, but not limited to, *Johnson v.*

6 *Ocean Ships, Inc.*, 2006 WL 2166192 W.D.Wash. (2006); and, *Sporck v. Peil*, 759 F .2d

7 312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome to

8 the extent that it requests each fact supporting the defense.  Without waiving said objection,

9 see *Plaintiff's First Amended Complaint.*

10

11

12     **INTERROGATORY NO. 5.:**  Identify each and every fact which supports your

13 contention that "Plaintiffs (sic) claims fall outside of the applicable statute of limitations."

14     **ANSWER:**  Objection: This interrogatory calls for legal conclusions.  Affirmative

15 defenses are legal defenses and the legal reasoning supporting an affirmative defense is

16 work product.  Please see applicable case law including, but not limited to, *Johnson v.*

17 *Ocean Ships, Inc.*, 2006 WL 2166192 W.D.Wash. (2006); and, *Sporck v. Peil*, 759 F .2d

18 312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome to

19 the extent that it requests each fact supporting the defense.  Without waiving said objection,

20 see Plaintiff's First Amended Complaint.

21

22

23

24 DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 3
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1     **INTERROGATORY NO. 6.:**  Identify each and every fact which supports your

2 contention that Plaintiff Loraine Campbell has "failed to mitigate her own damages and any

3 award, therefore, must be reduced by damages flowing from that failure."

4     **ANSWER:**  Objection: This interrogatory calls for legal conclusions.  Affirmative

5 defenses are legal defenses and the legal reasoning supporting an affirmative defense is

6 work product.  Please see applicable case law including, but not limited to, *Johnson v.*

7 *Ocean Ships, Inc.*, 2006 WL 2166192 W.D.Wash. (2006); and, *Sporck v. Peil*, 759 F .2d

8 312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome to

9 the extent that it requests each fact supporting the defense.    Without waiving said

10 objection, see Plaintiff's First Amended Complaint.

11

12

13     **INTERROGATORY NO. 7.:**  Identify each and every fact which supports your

14 contention that "named Defendants cannot be sued in their official capacities under 42

15 U.S.C. §1983 and must, therefore, be dismissed in their official capacities."

16     **ANSWER:**  Objection: This interrogatory calls for legal conclusions.  Affirmative

17 defenses are legal defenses and the legal reasoning supporting an affirmative defense is

18 work product.  Please see applicable case law including, but not limited to, *Johnson v.*

19 *Ocean Ships, Inc.*, 2006 WL 2166192 W.D.Wash. (2006); and, *Sporck v. Peil*, 759 F .2d

20 312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome to

21 the extent that it requests each fact supporting the defense.    Without waiving said

22 objection, see Plaintiff's First Amended Complaint.

23

24 DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 4
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

2

**INTERROGATORY NO. 8.:**   Identify each and every fact which supports your contention that Defendants are "not subject to liability under RCW 74.34."

3

4

5

6

7

8

9

**ANSWER:**   Objection: This interrogatory calls for legal conclusions.   Affirmative defenses are legal defenses and the legal reasoning supporting an affirmative defense is work product.   Please see applicable case law including, but not limited to, *Johnson v. Ocean Ships, Inc.*, 2006 WL 2166192 W.D.Wash. (2006); and, *Sporck v. Peil*, 759 F .2d 312 (3rd Cir.1985).   Further, the interrogatory is overly broad and unduly burdensome to the extent that it requests each fact supporting the defense.   Without waiving said objection, see Plaintiff's First Amended Complaint.

10

11

12

13

14

15

**INTERROGATORY NO. 9.:**   Identify each and every fact which supports your contention that Plaintiffs' claims are "barred as a matter of law in full or in part…"

16

17

18

19

20

21

22

**ANSWER:**   Objection: This interrogatory calls for legal conclusions.   Affirmative defenses are legal defenses and the legal reasoning supporting an affirmative defense is work product.   Please see applicable case law including, but not limited to, *Johnson v. Ocean Ships, Inc.*, 2006 WL 2166192 W.D.Wash. (2006); and, *Sporck v. Peil*, 759 F .2d 312 (3rd Cir.1985).   Further, the interrogatory is overly broad and unduly burdensome to the extent that it requests each fact supporting the defense.   Without waiving said objection, see Plaintiff's First Amended Complaint.

23

24

DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 5
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    **INTERROGATORY NO. 10.:**   Identify each and every fact which supports your

2    contention that Defendants "are immune from suit under the doctrine of qualified

3    immunity…"

4    **ANSWER:**  Objection: This interrogatory calls for legal conclusions.  Affirmative

5    defenses are legal defenses and the legal reasoning supporting an affirmative defense is

6    work product.  Please see applicable case law including, but not limited to, *Johnson v.*

7    *Ocean Ships, Inc.*, 2006 WL 2166192 W.D.Wash. (2006); and, *Sporck v. Peil*, 759 F .2d

8    312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome to

9    the extent that it requests each fact supporting the defense.  Without waiving said objection,

10   see Plaintiff's First Amended Complaint.

11

12

13

14   **INTERROGATORY NO. 11.:**   Identify each and every fact which supports your

15   contention that "Plaintiff Loraine Campbell lacks standing to pursue damages in her

16   individual capacity."

17   **ANSWER:**  Objection: This interrogatory calls for legal conclusions.  Affirmative

18   defenses are legal defenses and the legal reasoning supporting an affirmative defense is

19   work product.  Please see applicable case law including, but not limited to, *Johnson v.*

20   *Ocean Ships, Inc.*, 2006 WL 2166192 W.D.Wash. (2006); and, *Sporck v. Peil*, 759 F .2d

21   312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome to

22   the extent that it requests each fact supporting the defense.  Without waiving said objection,

23   see Plaintiff's First Amended Complaint.

24   DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
     FIRST INTERROGATORIES AND REQUESTS FOR
     PRODUCTION - 6
     Cause No. C08-0983 JCC
     K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    **INTERROGATORY NO. 12.:**  Identify each and every individual or entity who

2  you believe caused Plaintiffs' alleged damages.

3    **ANSWER:**  Objection.  Foundation.  Calls for a medical opinion.

4

5

6

7    **INTERROGATORY NO. 13.:**  Identify each and every fact which supports your

8  belief that the individuals and/or entities identify in your answer to the preceding

9  interrogatory caused Plaintiffs' damages.

10    **ANSWER:**  *See* objection to Interrogatory No. 12.

11

12

13    **INTERROGATORY NO. 14.:**  Identify each an every step you have taken, if any,

14  to challenge the termination of your employment by Defendant DSHS.

15    **ANSWER:**  My termination was appealed on my behalf.

16

17

18    **REQUESTS FOR PRODUCTION**

19    **REQUEST FOR PRODUCTION NO. 1.:**  Produce each and every document that

20  refers or relates to Justine Booth.

21    **RESPONSE:**  I do not have any such documents.

22

23

24  DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
     FIRST INTERROGATORIES AND REQUESTS FOR
     PRODUCTION - 7
     Cause No. C08-0983 JCC
     K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**REQUEST FOR PRODUCTION NO. 2.:** Produce each and every document that refers or related to Loraine Campbell.

**RESPONSE:** I do not have any such documents.

**REQUEST FOR PRODUCTION NO. 3.:** Produce a copy of each and every handbook, guideline, internal policy, regulation, rule or other document that concerns, refers or relates to your care of Justine Booth.

**RESPONSE:** I do not have any such documents.

**REQUEST FOR PRODUCTION NO. 4.:** Produce your complete employment and/or personnel file.

**RESPONSE:** I do not have any such documents.

**REQUEST FOR PRODUCTION NO. 5.:** Produce all documentation reflecting any payment received by you from Defendant DSHS, from January 1, 2004 to the present.

**RESPONSE:** Objection. This request is neither relevant, nor designed to elicit information that would lead to admissible evidence. Additionally, the request is harassing and vexatious. Defendant invites Plaintiff to explain the propriety of the question.

DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 8
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    **REQUEST FOR PRODUCTION NO. 6.:**  Produce all documentation reflecting any

2  training you received from Defendant DSHS.

3    **RESPONSE:**  I do not have any such documents.

4

5

6    **REQUEST FOR PRODUCTION NO. 7.:**  Produce all documentation reflecting any

7  training received, at any time, related to seizures and/or seizure disorders.

8    **RESPONSE:**  I do not have any such documents.

9

10

11

12    **REQUEST FOR PRODUCTION NO. 8.:**  Produce all documentation reflecting any

13  training you received regarding the bathing of Justine Booth.

     **RESPONSE:**  I do not have any such documents.
14

15

16

17    **REQUEST FOR PRODUCTION NO. 9.:**  Produce all documentation referring or

18  relating to any and all responsibilities or duties you had when caring for or supervising Justine

19  Booth.

     **RESPONSE:**  I do not have any such documents.
20

21

22

23

24  DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
    FIRST INTERROGATORIES AND REQUESTS FOR
    PRODUCTION - 9
    Cause No. C08-0983 JCC
    K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  **REQUEST FOR PRODUCTION NO. 10.:**  Produce all documentation reflecting

2  any reprimand, disciplinary action, or corrective action you received while employed by

3  Defendant DSHS.

4  **RESPONSE:**   Objection.   Vague and confusing ("corrective action").   Without

5  waiving said objection, I do not have any such documents.  Please see *Campbell v. State,*

6  12000100-12000112.

7

8

9  **REQUEST FOR PRODUCTION NO. 11.:**   Produce all documentation which

10  refers or relates in any manner whatsoever to Defendant DSHS' decision to terminate your

11  employment.

12  **RESPONSE:** *See* response to Request for Production No. 10.  *See also, Campbell v.*

13  *State,* 05000001-05000417.

14

15

16  **REQUEST FOR PRODUCTION NO. 12.:**  Produce all documents reflecting any

challenge, appeal, lawsuit, grievance, or other efforts taken to prevent Defendant DSHS

17  from terminating your employment.

18  **RESPONSE:**  My termination was appealed on my behalf.  I do not have any such

19  documents.

20

21

22

23

24  DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 10
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

74

1

**REQUEST FOR PRODUCTION NO. 13.:**   Produce all documents reflecting

2

insurance coverage available to you for the injuries alleged in Plaintiffs' Complaint for

3

Damages.

4

**RESPONSE:** I do not have any such insurance.

5

6

7

**REQUEST FOR PRODUCTION NO. 14.:** Produce any and all reports prepared by

8

any expert witness you intend to call at trial.

9

**RESPONSE:** *See* response to Interrogatory No. 3.

10

11

12

**REQUEST FOR PRODUCTION NO. 15.:**   Produce all statements, written or

13

otherwise, from any person with knowledge of the allegations in Plaintiffs' Complaint for

14

Damages.

15

**RESPONSE:** Objection.   Work product; beyond the scope of Fed.R.Civ.P. 26.   In

16

addition, based on Plaintiff's insufficient pleadings, the Court previously ordered Plaintiff to

17

amend her Complaint. Plaintiff then filed a First Amended Complaint. Thus, "Plaintiffs' (sic)

18

Complaint for Damages" has passed out of the case and is a nullity.

19

20

21

22

23

24

DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 11
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    **REQUEST FOR PRODUCTION NO. 16.:**   Produce all documents reflecting

2  communications with any other employee of Defendant DSHS regarding Justine Booth at any

3  time.

4    **RESPONSE:**  I do not have any such documents.

5

6

     Objections dated this ⏳O day of December, 2008.

7

8                                    KEATING, BUCKLIN & McCORMACK, INC., P.S.

9

10   _____

     Stewart A. Estes, WSBA #15535
11   Special Assistant Attorney General for Defendants
     Mitchell and McGentry

12

13

14

15

16

17

18

19

20

21

22

23

24  DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
    FIRST INTERROGATORIES AND REQUESTS FOR
    PRODUCTION - 12                                    KEATING, BUCKLIN & McCORMACK, INC., P.S.
    Cause No. C08-0983 JCC                                        ATTORNEYS AT LAW
    K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc          800 FIFTH AVENUE, SUITE 4141
                                                              SEATTLE, WASHINGTON 98104-3175
                                                                    PHONE:  (206) 623-8861
                                                                    FAX:  (206) 223-9423

STATE OF WASHINGTON )

                          ) ss.

COUNTY OF _____ )

      I, Murine McGenty, being first duly sworn upon oath, deposes and says that she is a

Defendant in the above-entitled action, that she has read the within and foregoing Plaintiff's

First Interrogatories and Requests for Production to Defendant and answers thereto; knows

the contents thereof; and believes the same to be true.


                                   _____

                                   MURINE MCGENTY

      SUBSCRIBED AND SWORN to before me this _____ day of December, 2008.


                                   _____

                                   NOTARY PUBLIC in and for the
                                   State of Washington, residing at

                                   _____

                                   Commission Expires:_____

DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 13
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

## DECLARATION OF SERVICE

2

    I, Valerie Macan, hereby declare under penalty of perjury of the laws of the State of

3

Washington that I am of legal age and not a party to this action; that on the $\frac{11}{}$ day of

4

December, 2008, I caused a copy of Defendant McGenty's Answers to Plaintiff's First

5

Interrogatories and Requests for Production to be

6

      [ ]     faxed; and/or
      [ ]     mailed via U.S. Mail, postage pre-paid; and/or

7

      [X]    sent via ABC Legal Messengers, Inc.

8

from Seattle, Washington, addressed as follows:

9

     David Moody
     Hagens Berman Sobol Shapiro, LLP

10

     1301 5th Avenue, Ste 2900
     Seattle, WA 98101

11

12

                          _Valerie Macan_

13

                          Valerie Macan

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT MCGENTY'S ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 14
Cause No. C08-0983 JCC
K:\SAE\wash08001\p-120908-mcgenty ans 1st roggrfp.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

78

1
2
3
4
5
6
7
8

The Honorable John C. Coughenour

9
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11    LORAINE CAMPBELL, individually and          NO.   C08-0983JCC
      as personal representative of the Estate of
12    JUSTINE BOOTH,                               PLAINTIFF'S FIRST
                                                   INTERROGATORIES AND
13                        Plaintiff,               REQUESTS FOR PRODUCTION
                                                   TO DEFENDANT PATE
      v.                                           **AND ANSWERS THERETO**
14

15    STATE OF WASHINGTON,
      DEPARTMENT OF SOCIAL AND
16    HEALTH SERVICES, including but not
      limited to the Division of Developmental
17    Disabilities; LASHONDA MARIE
      MITCHELL, individually and in her
18    official capacity acting under the color of
      state law; MURINE LEE McGENTRY,
19    individually and in her official capacity
      acting under the color of state law; SONJA
20    PATE, individually and in her official
      capacity acting under the color of state
21    law;

22                        Defendants.

23    **TO:        DEFENDANT SONJA PATE**

24    **AND TO:    ANDREW LOGERWELL, Attorney for Defendants DSHS and Pate**

25

26

PLAINTIFF'S FIRST                         1        ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES AND                                TORTS DIVISION
REQUESTS FOR PRODUCTION                            7141 Cleanwater Drive SW
TO DEFENDANT PATE                                  PO Box 40126
**AND ANSWERS THERETO**             ORIGINAL       Olympia, WA 98504-0126
-- NO.   C08-0983JCC                               (360) 586-6300

## GENERAL DEFINITIONS AND PROCEDURES

**A.**    **Procedures**

You have been served with an original of Plaintiffs First Interrogatories and Requests for Production of Documents.  Please complete the answers and responses within the space provided and, if needed, add additional pages. The answers and requested documents must be furnished to the undersigned attorneys by returning the verified original to the office of Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101, within thirty (30) days of service.

**B.**    **Scope of Answers and Responses**

By use of the pronoun "you" or "your" it is intended so that the answers and requests are to include all information known to or reasonably ascertainable by defendants, their agents, attorneys, investigators and other representatives in their capacities as such.

**C.**    **Time**

Unless otherwise stated, these discovery requests cover the period from January 1, 2004 to the present. These discovery requests shall be deemed continuing, and in the event you discover further information that is responsive to these discovery requests, you must supplement the answers and responses.

**D.**    **Claim of Privilege**

If you contend that any document encompassed by any request is privileged, in whole or in part, or if you otherwise object to its production, then with respect to each such document:

1.    State with particularity the reason for your objection and the nature of any

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

2

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

80

1    privilege asserted;

2        2.      Identify each person having knowledge of the factual basis, if any, upon which

3    the privilege or other objection is asserted; and

4        3.      State the following:

5

6        a.      The date of the document;

7        b.      The nature or type of the document (e.g., letter, memorandum, etc.);

8        c.      Identify each individual who prepared the document;

9        d.      Identify each person to whom the document, or a copy thereof, has at
10               any time been provided;

11       e.      Identify each person from whom the document has been obtained;

12       f.      Identify each person or entity having possession of the original of the
13               document (or if the whereabouts of the original are unknown, identify
                 each person or entity known or believed to have a copy or copies
14               thereof);

15       g.      All other information necessary to identify the document with sufficient
                 particularity to meet the requirements for its inclusion in a motion for
16               production pursuant to the civil rules of procedure; and

17       h.      If such document was, but is not longer within your care, custody, or
18               control, state what disposition was made of it, who disposed of it, the
                 reason for such disposition, and the date upon which it was so disposed.

19

20       This request for production of documents is continuing in nature. If, after the date on

21   which you have produced the requested documents, you discover additional documents

22   responsive to this request for production, you are required to contact David P. Moody at (206)

23   268-9323 to arrange for production of such additional documents.

24   **E.**     **Definitions**

25

26

PLAINTIFF'S FIRST                           3              ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES AND                                        TORTS DIVISION
REQUESTS FOR PRODUCTION                                    7141 Cleanwater Drive SW
TO DEFENDANT PATE                                          PO Box 40126
**AND ANSWERS THERETO**                                    Olympia, WA 98504-0126
-- NO.   C08-0983JCC                                       (360) 586-6300

81

1   Included below are definitions of the terms used in these interrogatories and request for

2   production. Please read these definitions carefully. Some of the terms used in these

3   interrogatories and requests for production are given definitions which may be more expansive

4   than the definitions which those terms are given in common usage.

5

6   1.   "And" shall also mean "or," and "or" shall also mean "and."

7   2.   "Communication" means any exchange, transfer or transmittal of information,

8   ideas, commentary, thoughts, actions or opinions at any time or place and is not limited to

9   transfers between persons, but includes other transfers, such as toll transfers, computer

10  transfers, modem transfers, and the transference of records and memoranda to file.

11  3.   "Describe," when used in reference to matters of fact or contention, means to

12  state every material fact and circumstance specifically and completely (including, but not

13  limited to, date, time, location, and the identity of all participants), and whether each such fact

14

15  or circumstance is stated on knowledge, information, or belief, or is alleged without

16  foundation.

17  4. "Document" includes, but is not limited to, the original as well as any copies of

18  any agreement, appointment book, assessment, blueprint, book, brochure, business form,

19  cable, cassette, chart, check, check stub, computer disc or index thereto, computer printout,

20  computer program, computer tape, contract, correspondence, correspondence files, desk

21  calendar, diary, draft, drawing, email, envelope, estimate, facsimile, graph, index, invoice,

22  lease, ledger, letter, log book, manual, map, memorandum, message, minutes, minute book,

23  model, notation, note, pamphlet, PDF, periodical, phone record, photograph, pleading, postage

24  stamp, postcard, printout, purchase order, record, record of purchase or sale, report,

25

26

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.  C08-0983JCC

4

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1  reproduction, schedule, sketch, statement, study, summary, survey, tape, telegram, telex, time

2  sheet, tin type, velum, videotape, wire, working paper, x-ray, transcription or taping of

3  telephone or personal conversation or conference, including intercompany, intracompany,

4  interoffice, and intraoffice memorandum or other document regarding any conference

5  conversation, or other communication, and any and all other written, printed, typed, taped,

6

7  recorded, transcribed, punched, filmed, or graphic matter, however produced or reproduced.

8      If a document has been prepared in several copies or additional copies have been made,

9   and the copies are not identical, each non-identical copy is a separate "document," and should

10  be produced for inspection and copying.

11      5.     "Identify" or "identity" when applied to a person, requires that you give the

12  person's full name, residence address, residence telephone, business or occupation, employer,

13  job title or description, business address, and business telephone. If you do not have current

14

15  information regarding the person being identified, give the last known information.

16      6.     "Identify or "identity," when used in reference to a business, organization, or

17  other entity, means to give the legal name of the entity, a description of its nature *(e.g.,*

18  corporation, partnership, joint venture, etc.), any business or assumed names under which it

19  does business, its principal place of business, and the address of the office(s) of such entity

20

21  which are involved in the transaction about which the interrogatory or request is seeking

22  information.

23      7.     "Identify" or "identity," when used in reference to a document, requires that

24  (regardless of whether you may assert a privilege or other objection to its disclosure) you

25  describe the document *(i. e.,* whether it is a letter, memorandum, contract, etc.) and state its

26

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

5

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

83

date, the name of the person or persons whose signatures are affixed or for whom signature lines were prepared if the document is unsigned, the person who prepared it, the person to whom it was addressed, a short synapse of the document's contents, and the identity of all persons known to you to have control or possession of such documents or copies thereof. Your description should contain sufficient detail to meet the requirements for its inclusion in a CR 34 request for production or a CR 37 motion to compel.

In lieu of identifying any document, you may produce the document, though your answer should state where the particular document can be located among the produced documents.

8.    "Identify" or "identity," when used in reference to a statement requires that you state the date on which the statement was given, where it was given, the names and addresses of the person or persons to whom it was given or by whom it was taken and who has custody of such statement or copies thereof. If any statement was, but is no longer, in your possession, custody or control, state what disposition was made of it and reasons therefore.

9.    "Person" shall include any individual, corporation, partnership, firm, association, or any other entity of any kind.

10.    "Person associated with" means any person who is presently or has been in the past an officer, director, agent, employee, attorney, or other representative or person acting on behalf of the referenced organization.

11. "Relating to" means constituting, defining, containing, embodying, reflecting, identifying, stating, concerning, referring to, dealing with, or in any way pertaining to.

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

6

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

84

12.     "State with particularity," when used in reference to a matter of fact or contention, means to state very material fact and circumstance specifically and completely (including, but not limited to, date, time, location and the identity of all participants), and whether each such fact or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

13.     "Statement" means any oral, written stenographic or recorded declaration of any kind or description.

14.     "You and your" shall refer to and include the parties to whom this discovery is directed.

15.     The plural shall include the singular, and the singular shall include the plural.

## INTERROGATORIES

Defendants object to the introductory matters set forth in the preceding pages of plaintiff's interrogatories and requests for production propounded to Defendants to the extent that they attempt to modify, alter, or in any way change the rules of discovery as set out in the Court Rules.  Defendants neither agree to nor stipulate to Plaintiffs' definitions and/or procedures.  Defendants specifically object to Plaintiffs' definition of the terms "individuals" and "you" to the extent that they include Defendants' attorneys or their attorneys' staff.  Such definitions are overbroad, and may invade attorney-client privileges and attorney work product privileges.  All answers and objections are provided pursuant to the Civil Rules, including CR 26 and CR 33.  Without waiving that objection or adopting any of Plaintiffs' definitions, Defendant in this case answers as follows:

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

7

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1

2 **INTERROGATORY NO. 1:**  Identify each person answering these interrogatories or

3 providing information in connection with any of the answers supplied and set forth the name

4
5 and address of each person, his or her relationship to you, and the number of each

6 interrogatory which each person participated in answering.

7 **ANSWER:  Objection.  This interrogatory seeks privileged work product and/or invades**

8 **the attorney client privilege, and is not reasonably calculated to lead to relevant and**

9 **admissible evidence.  See, e.g. Bd. of Educ. of Evanston v. Admiral Heating, 104 F.R.D. 23**

10 **(N.D. Ill. 1984).**

11

12
13 **INTERROGATORY NO. 2:**  Identify each person known to you who has information

14 relevant to the allegations contained in Plaintiffs' Complaint for Damages, setting forth each

15 person's name, address and relationship to any party herein.

16 **ANSWER:  Objection: as phrased the interrogatory seeks information protected by the**

17 **attorney client and work product privileges.  The interrogatory seeks the identification**

18 **not of persons with knowledge but only of persons with knowledge relevant to plaintiffs**

19 **complaint, a legal conclusion not subject to discovery.  Without waiving any objections,**

20 **please see documents already produced in response to Plaintiffs' Persons who may have**

21 **knowledge of the underlying facts in response to in response to Plaintiff's First Requests**

22 **for Production of Documents to Defendant DSHS and Defendants initial disclosures.**

23

24 **INTERROGATORY NO. 3:**  Identify each expert witness you intend to rely on for

25 testimony at the time of trial and set forth the subject matter on which the expert is expected

26

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

8

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

to testify, together with the substance of the facts and opinions to which the expert is

expected to testify, the materials he/she relied upon, and a summary of the grounds for each

opinion.

**ANSWER:  Defendants have not hired any experts to date but reserve the right to do so at any time before trial.**

**INTERROGATORY NO. 4:**  Identify each and every fact which supports your contention

that Plaintiffs "failed to state a claim for which relief can be granted."  [*See* Defendants'

Answer, First Affirmative Defense].

**ANSWER:  Objection: This interrogatory calls for legal conclusions.  Affirmative defenses are legal defenses and the legal reasoning supporting an affirmative defense is work product.  Please see applicable case law including, but not limited to, Johnson v. Ocean Ships, Inc., 2006 WL 2166192 W.D.Wash. ( 2006) and Sporck v. Peil, 759 F .2d 312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome to the extent that it requests each fact supporting the defense.  This kind of open-ended interrogatory is also an unfair trap for defendant because its vagueness and overbreadth can easily produce false accusations that defendant did not completely respond to the interrogatory by stating each and every "fact" that even remotely supports this defense.**

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

9

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

87

1

**INTERROGATORY NO. 5:**  Identify each and every fact which supports your contention

2

that "Plaintiffs [sic] claims fall outside of the applicable statute of limitations." *See*

3

Defendants' Answer, Second Affirmative Defense].

4

5

**ANSWER:  Objection: This interrogatory calls for legal conclusions.  Affirmative**

6

**defenses are legal defenses and the legal reasoning supporting an affirmative defense is**

7

**work product.  Please see applicable case law including, but not limited to, Johnson v.**

8

**Ocean Ships, Inc., 2006 WL 2166192 W.D.Wash. ( 2006) and Sporck v. Peil, 759 F .2d**

9

**312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome**

10

**to the extent that it requests each fact supporting the defense.  This kind of open-ended**

11

**interrogatory is also an unfair trap for defendant because its vagueness and**

12

**overbreadth can easily produce false accusations that defendant did not completely**

13

**respond to the interrogatory by stating each and every "fact" that even remotely**

14

**supports this defense.**

15

16

17

**INTERROGATORY NO. 6:**  Identify each and every fact which supports your contention

18

that Plaintiff Loraine Campbell has "failed to mitigate her own damages and any award,

19

therefore, must be reduced by damages flowing from that failure."  [*See* Defendant's Answer,

20

Third Affirmative Defense].

21

22

**ANSWER:  Objection: This interrogatory calls for legal conclusions.  Affirmative**

23

**defenses are legal defenses and the legal reasoning supporting an affirmative defense is**

24

**work product.  Please see applicable case law including, but not limited to, Johnson v.**

25

**Ocean Ships, Inc., 2006 WL 2166192 W.D.Wash. ( 2006) and Sporck v. Peil, 759 F .2d**

26

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

10

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1  312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome

2  to the extent that it requests each fact supporting the defense.  This kind of open-ended

3  interrogatory is also an unfair trap for defendant because its vagueness and

4  overbreadth can easily produce false accusations that defendant did not completely

5  respond to the interrogatory by stating each and every "fact" that even remotely

6

7  supports this defense.

8

9  **INTERROGATORY NO. 7:**  Identify each and every fact which supports your contention

10  that "named defendants cannot be sued in their official capacities under 42 USC Sec. 1983

11  and must, therefore, be dismissed in their official capacities." [*See* Defendants' Answer,

12  Fourth Affirmative Defense].

13

14  **ANSWER:  Objection: This interrogatory calls for legal conclusions.  Affirmative**

15  **defenses are legal defenses and the legal reasoning supporting an affirmative defense is**

16  **work product.  Please see applicable case law including, but not limited to, Johnson v.**

17  **Ocean Ships, Inc., 2006 WL 2166192 W.D.Wash. ( 2006) and Sporck v. Peil, 759 F .2d**

18  **312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome**

19  **to the extent that it requests each fact supporting the defense.  This kind of open-ended**

20  **interrogatory is also an unfair trap for defendant because its vagueness and**

21  **overbreadth can easily produce false accusations that defendant did not completely**

22  **respond to the interrogatory by stating each and every "fact" that even remotely**

23  **supports this defense.**

24

25

26

PLAINTIFF'S FIRST                  11          ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES AND                             TORTS DIVISION
REQUESTS FOR PRODUCTION                          7141 Cleanwater Drive SW
TO DEFENDANT PATE                                PO Box 40126
**AND ANSWERS THERETO**                          Olympia, WA 98504-0126
-- NO.  C08-0983JCC                              (360) 586-6300

**INTERROGATORY NO. 8:** Identify each and every fact which supports your contention that Defendants are "not subject to liability under RCW 74.34." [*See* Defendants' Answer, Fifth Affirmative Defense].

**ANSWER: Objection: This interrogatory calls for legal conclusions. Affirmative defenses are legal defenses and the legal reasoning supporting an affirmative defense is work product. Please see applicable case law including, but not limited to, Johnson v. Ocean Ships, Inc., 2006 WL 2166192 W.D.Wash. ( 2006) and Sporck v. Peil, 759 F .2d 312 (3rd Cir.1985). Further, the interrogatory is overly broad and unduly burdensome to the extent that it requests each fact supporting the defense. This kind of open-ended interrogatory is also an unfair trap for defendant because its vagueness and overbreadth can easily produce false accusations that defendant did not completely respond to the interrogatory by stating each and every "fact" that even remotely supports this defense.**

**INTERROGATORY NO. 9:** Identify each and every fact which supports your contention that Plaintiffs' claims are "barred as a matter of law in full or in part. . ." [*See* Defendants' Answer, Sixth Affirmative Defense].

**ANSWER: Objection: This interrogatory calls for legal conclusions. Affirmative defenses are legal defenses and the legal reasoning supporting an affirmative defense is work product. Please see applicable case law including, but not limited to, Johnson v. Ocean Ships, Inc., 2006 WL 2166192 W.D.Wash. ( 2006) and Sporck v. Peil, 759 F .2d 312 (3rd Cir.1985). Further, the interrogatory is overly broad and unduly burdensome**

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.  C08-0983JCC

12

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

90

1  to the extent that it requests each fact supporting the defense.  This kind of open-ended

2  interrogatory is also an unfair trap for defendant because its vagueness and

3

4  overbreadth can easily produce false accusations that defendant did not completely

5  respond to the interrogatory by stating each and every "fact" that even remotely

6  supports this defense.

7

8  **INTERROGATORY NO. 10:**  Identify each and every fact which supports your contention

9  that Defendants "are immune from suit under the doctrine of qualified immunity…" [*See*

10  Defendants' Answer, Seventh Affirmative Defense].

11
   **ANSWER:  Objection: This interrogatory calls for legal conclusions.  Affirmative**

12  **defenses are legal defenses and the legal reasoning supporting an affirmative defense is**

13
   **work product.  Please see applicable case law including, but not limited to, Johnson v.**

14
   **Ocean Ships, Inc., 2006 WL 2166192 W.D.Wash. ( 2006) and Sporck v. Peil, 759 F .2d**

15

16  **312 (3rd Cir.1985).  Further, the interrogatory is overly broad and unduly burdensome**

17  **to the extent that it requests each fact supporting the defense.  This kind of open-ended**

18
   **interrogatory is also an unfair trap for defendant because its vagueness and**

19
   **overbreadth can easily produce false accusations that defendant did not completely**

20

21  **respond to the interrogatory by stating each and every "fact" that even remotely**

22  **supports this defense.**

23

24

25

26

PLAINTIFF'S FIRST                          13          ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES AND                                    TORTS DIVISION
REQUESTS FOR PRODUCTION                                7141 Cleanwater Drive SW
TO DEFENDANT PATE                                      PO Box 40126
                                                       Olympia, WA 98504-0126
**AND ANSWERS THERETO**                                (360) 586-6300
-- NO.   C08-0983JCC

**INTERROGATORY NO. 11:** Identify each and every fact which supports yoRu

contention that "Plaintiff Loariane Campbell lacks standing to pursue damages in her

individual capacity." [*See* Defendants' Answer, Eighth Affirmative Defense].

**ANSWER: Objection: This interrogatory calls for legal conclusions. Affirmative

defenses are legal defenses and the legal reasoning supporting an affirmative defense is

work product. Please see applicable case law including, but not limited to, Johnson v.

Ocean Ships, Inc., 2006 WL 2166192 W.D.Wash. ( 2006) and Sporck v. Peil, 759 F .2d

312 (3rd Cir.1985). Further, the interrogatory is overly broad and unduly burdensome

to the extent that it requests each fact supporting the defense. This kind of open-ended

interrogatory is also an unfair trap for defendant because its vagueness and

overbreadth can easily produce false accusations that defendant did not completely

respond to the interrogatory by stating each and every "fact" that even remotely

supports this defense.**


**INTERROGATORY NO. 12:** Identify each and every individual or entity who you believe

caused plaintiffs' alleged damages.

**ANSWER: Objection. This interrogatory seeks legal conclusions and work product.

Defendants further object as this interrogatory is also an unfair trap for defendants

because it could be construed as a request for admission. Without waiving such

objections, please see Defendants' Answer to Plaintiff's Complaint, applicable case law,

and other authorities.**

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

14

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

92

**INTERROGATORY NO. 13:**  Identify each and every fact which supports your belief that the individuals and/or entities identified in your answer to the preceding interrogatory caused plaintiffs' damages.

**ANSWER:  Objection.  This interrogatory seeks legal conclusions and work product. Defendants further object as this interrogatory is also an unfair trap for defendants because it could be construed as a request for admission.  Without waiving such objections, please see Defendants' Answer to Plaintiff's Complaint, applicable case law, and other authorities.**

**INTERROGATORY NO. 14:**  Describe in detail your job responsibilities with SOLA from January 1, 2004 to the present.

**ANSWER:**

- **Supervise and manage on a 24 hours per day, seven days a week basis within a collective bargaining labor environment**
- **Interview, complete background checks, hire and train new AC2 staff**
- **Observe, direct and monitor AC 2 job performance that ensures they are performing within the scope of existing WAC, policies and procedures directing the SOLA program**
- **Provide guidance and counseling as needed to improve AC job performance**
- **Direct staff activities to assure that the health, safety and treatment needs of individuals served are met.**
- **Direct staff activities to assure that the employment, recreational and vocational needs of individuals served are met.**
- **Assures staff completes all assessments, programs, treatments, recording and documentation.**
- **Provide on-going training as needed to assure that all staff are able to carry out all expectations of their position.**
- **Reviews and responds to staff's observations and documentations and takes appropriate action to ensure client health and safety**
- **Facilitate Annual IISP meetings and IISP review meetings, as well as other team meetings as necessary**

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

15

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

93

- Develop goals, plans of service, Individual Financial Plans or Positive Behavior Support Plans directly related to each clients IISP and review as required for necessary changes that will ensure client success
- Organize the work environment; prioritize work assignments to meet timelines and/or priorities.
- Perform a variety of auditing functions
- Develop and ensure implementation and compliance with all plans of correction.
- Acts as a liaison between SOLA and program service providers.
- Complete all personnel actions related to staff including annual evaluations.
- Assist clients in all areas needed when seeking and maintaining homes appropriate for renting.
- Assures clients are living in homes that are maintained and organized in a clean and safe condition and are a positive and reinforcing environment.
- Operate State vehicle to transport participants to necessary appointments or activities.
- Communicates verbally and in writing with other staff, case managers, clients, relatives, guardians and outside agency personnel.
- Ability to lead a team and to be flexible for program needs
- Understand and ensure compliance with WAC 388-101 Community Residential Services and Supports and the Residential Service Guidelines.
- Ability to conduct thorough and fair investigations.
- Follow up on SOLA incident reports and ensure they follow SOLA policies and if required are put on the electronic reporting system
- Write professional reports, programs, and plans.
- Effectively communicate in English all issues related to client care and other program operations.
- Identify abuse, neglect, mistreatment, exploitation and/or abandonment, report per agency policies and procedures and fulfill requirements as a mandatory reporter.
- 

From October 11, 2006 until present, I have been doing administrative support jobs in

the Region 4 SOLA office.


**INTERROGATORY NO. 15:** Describe your role in the creation of Justine Booth's SOLA

Support Plans.

**ANSWER:** I coordinated the annual Individual Support Plan meeting for Justine

Booth, finding the time that was best suited for the team to meet and establishing where

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.  C08-0983JCC

16

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

94

1  the meeting would take place, and arranging transportation for Loraine Campbell,

2  Justine and staff . I was responsible for getting input from support staff that would not

3  be attending the meeting. I was responsible for getting the plan typed from the meeting

4  notes, reviewed by the program manager and distributed to the team members. Copies

5  of the finished plan would then be distributed to the DDD Case Manger, Loraine

6

7  Campbell, the client's home file and a copy for the client office file.

8

9  **INTERROGATORY NO. 16:**  Identify each and every step you took to implement Justine

10  Booth's SOLA Support Plans from January 1, 2004 to the present.

11  **ANSWER:**  After each plan was completed, I would meet with staff about goals Justine

12  had chosen for the coming year and highlight any changes. I would make an entry in

13  the SOLA Daily Log that her new Support Plan was in her house file for staff to read. I

14  would enter the new goals for the coming year to her Participant Notes so that they

15  could be referred to on a daily bases. I would read the Participant Notes weekly to

16  evaluate our progress toward the goals. At monthly house meetings we would talk about

17

18  the goals of all of the clients and the progress toward their completion.

19

20

21  **INTERROGATORY NO. 17:**  Identify each and every protocol you implemented to ensure

22  that Justine Booth was supervised while bathing.

23  **ANSWER:** There were no written protocols for bathing from 2004 to 2006. Justine's

24  extensive seizure condition dictated that every activity she was involved in required

25  staff to evaluate it for safety. This evaluation process was completed by each person

26

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.  C08-0983JCC

17

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

95

1   supporting Justine on a daily basis before each activity. Her seizures were  spontaneous

2   and the way they would manifest was unpredictable and presented with no warning. If

3   Justine was participating in an activity that had additional risk such as bathing,

4   swimming, community activities, or cooking, staff awareness and supervision was

5   increased so that she was never left alone. Justine was resistant to having staff actually

6   in the bathroom with her when she was taking a bath (she repeatedly told staff to leave

7   the bathroom) so the door was open and staff was in close proximity so that they could

8

9   hear everything that was happening in the bathroom. This was standard practice for

10   supporting Justine.

11              **REQUESTS FOR PRODUCTION OF DOCUMENTS**

12       **OBJECTION:**  The defendant objects generally to the plaintiff's prefatory

13   instructions and definitions to the extent that they require more than the Federal Rules of

14   Civil Procedure require or because they do not clarify the meanings of words.  See for

15   example counsel for plaintiff's definition of the words, "and" and "or", where "and" is

16   defined to also mean "or" and "or" is defined to also mean "and".  The defendant neither

17   stipulates nor agrees to the definitions and procedures, which precede the discovery

18   requests, and will give words their ordinary meanings.  Furthermore, in most of the

19   requests, Plaintiffs start with the phrase "any and all" when referring to documents.

20

21   Defendants note a standing objection to each and every request that could be envisioned to

22   extend to documents or things covered by attorney-client or work product privileges. Every

23   discovery request below asks for "any and all" documents which would necessarily include

24

25

26

PLAINTIFF'S FIRST                          18          ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES AND                                    TORTS DIVISION
REQUESTS FOR PRODUCTION                                7141 Cleanwater Drive SW
TO DEFENDANT PATE                                      PO Box 40126
                                                       Olympia, WA 98504-0126
**AND ANSWERS THERETO**                                (360) 586-6300
-- NO.   C08-0983JCC

1   those covered by attorney client and work product privileges.  Answers to the discovery

2   requests do not constitute waivers thereto.

3        PRIVILEGES:  Certain documents provided or identified in response to these

4   requests for production have been redacted and/or withheld according to disclosure

5   exemptions and statutory privileges.  In responding to these requests an effort has been

6   made to respect and protect the privacy rights of third parties and to withhold work

7

8   product and attorney-client information, as allowed by Federal law.  If a privileged

9   document or a document to which a right of privacy attaches has been released, that release

10  was inadvertent and does not constitute a waiver of any privilege or privacy right that may

11  apply.  If such a document has been released, defendant's counsel expects notification of any

12

13  such release pursuant to RPC 4.4(b) and the prompt return of any such document(s) by the

14  plaintiff's attorneys, together with the expectation that plaintiff's attorneys and their staff

15  will maintain the confidentiality and privacy of such privileged, confidential and private

16  information in those documents.

17        RESERVATION OF RIGHTS: Defendants reserve the right to supplement, retract

18  or modify any and all responses to these requests for production to the extent appropriate.

19  Should further responsive documents be discovered and/or found not to have been

20  produced already, Defendants will produce as they are discovered.

21

22

23  **REQUEST FOR PRODUCTION NO. 1:**  Produce each and every document that refers or

24  relates to Justine Booth.

25

26

PLAINTIFF'S FIRST                         19          ATTORNEY GENERAL OF WASHINGTON
INTERROGATORIES AND                                   TORTS DIVISION
REQUESTS FOR PRODUCTION                                7141 Cleanwater Drive SW
TO DEFENDANT PATE                                      PO Box 40126
**AND ANSWERS THERETO**                               Olympia, WA 98504-0126
-- NO.  C08-0983JCC                                   (360) 586-6300

97

**RESPONSE:  Objection to the extent that this request seeks work product, and/or attorney-client privileged materials and/or documents involving a third person's right of privacy.  Without waiving these objections, see the documents already produced to the plaintiff's lawyers pursuant to the public records requests made to DSHS on behalf of the plaintiff on July 11, 2008, August 8, 2008, September 18, 2008 and September 30, 2008.   In addition, please see documents previously produced in response to Plaintiff's First Requests for Production of Documents to Defendant DSHS.  *Specifically, see*:  SOLA Seizure Report (04000001-02); SOLA Investigation (05000001-417); Marybeth Poch's Interagency Referrals (06000001-232); SOLA Program Files for Justine Booth (07000001-6810); Fircrest School Records for Justine Booth (08000001-3628); and, CSTC Records for Justine Booth (09000001-3051).**

**REQUEST FOR PRODUCTION NO. 2:**  Produce each and every document that refers or relates to Loraine Campbell.

**RESPONSE:  Objection. Given the breadth of the request, it seeks documents that are subject to attorney client and/or work product privileges.  Please see answer to Request for Production No. 1, above.**

**REQUEST FOR PRODUCTION NO. 3:**  Produce a copy of each and every handbook, guideline, internal policy, regulation, rule or other document that concerns, refers or relates to your care of Justine Booth.

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

20

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

98

1   **RESPONSE:  Objection: the request is vague, overly broad, unduly burdensome and**

2   **not sufficiently limited in time and scope to be limited only to those documents**

3   **reasonably calculated to lead to the discovery of admissible evidence.  Without waiving**

4   **any objections, please see SOLA training handbook and SOLA policy manual which**

5   **will be made available for inspection and copying at a time and place to be agreed to.**

6

7

8   **REQUEST FOR PRODUCTION NO. 4:**  Produce your complete employment and/or

9   personnel file.

10  **RESPONSE:  Plaintiff is already in possession of the documents relevant to this**

11  **request. Please see documents previously produced in response to Plaintiff's First**

12  **Requests for Production of Documents to Defendant DSHS, *Specifically, see*:**

13  **documents 10000001-445.**

14

15

16  **REQUEST FOR PRODUCTION NO. 5:**  Produce all documentation reflecting any

17  payment received by you from Defendant DSHS, from January 1, 2004 to the present.

18  **RESPONSE:  Objection.  The request is not reasonably calculated to lead to the**

19  **production of relevant evidence and is therefore not the proper subject of a discovery**

20  **request.**

21

22

23  **REQUEST FOR PRODUCTION NO. 6:**  Produce all documentation reflecting any

24  training you received from Defendant DSHS.

25

26

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

21

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

99

1   **RESPONSE**:  Objection, given the breadth of the request, it seeks the production of

2   attorney client and/or work product documents that are subject to privileges. Without

3   waiving any objections, please see documents previously produce in response to

4   Plaintiff's First Requests for Production of Documents to Defendant DSHS.

5   *Specifically, see*: Answer to Request for Production No. 33 and documents 10000400-

6   407; 410-445.

7

8

9   **REQUEST FOR PRODUCTION NO. 7**:  Produce all documentation reflecting any

10  training received, related to seizures and/or seizure disorders.

11  **RESPONSE**:  Objection, given the breadth of the request, it seeks the production of

12  attorney client and/or work product documents that are subject to privileges. Without

13  waiving any objections, please see documents previously produce in response to

14  Plaintiff's First Requests for Production of Documents to Defendant DSHS.

15

16  *Specifically, see*: Answer to Request for Production No. 33 and documents 10000400-

17  407; 410-445.

18

19  **REQUEST FOR PRODUCTION NO. 8**:  Produce all documentation reflecting any

20  training you received regarding the bathing of Justine Booth.

21  **RESPONSE**:  Objection, given the breadth of the request, it seeks the production of

22  attorney client and/or work product documents that are subject to privileges. Without

23  waiving any objections, please see documents previously produce in response to

24

25  Plaintiff's First Requests for Production of Documents to Defendant DSHS.

26

PLAINTIFF'S FIRST                                    22
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.  C08-0983JCC

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

100

*Specifically, see*: **Answer to Request for Production No. 33 and documents 10000400-407; 410-445.**

**REQUEST FOR PRODUCTION NO. 9:**  Produce all documentation reflecting any training you provided to individual employed by Defendant DSHS from January 1, 2004 to the present.

**RESPONSE:  Objection.  The request is overly broad in scope and therefore not reasonably calculated to lead solely to the discovery of admissible evidence.  Without waiving those objections, and limiting the response to those trainings given to Defendants McGentry and Mitchell, please see the documents previously produced pursuant to the responses to *Plaintiffs' First Requests for Production to Defendant DSHS* requests nos. 8, 9, 20, 21, 22, 23, 24, 26, 27, 31 and 32.**

**REQUEST FOR PRODUCTION NO. 10:**  Produce all documentation reflecting your efforts to verify that Justine Booth's SOLA Support Plan(s) were implemented from January 1, 2004 to the present.

**RESPONSE:  Objection.  The request is overly broad in scope and therefore not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving those objections, and limiting the response to Defendants McGentry and Mitchell, please see the documents previously produced pursuant to the responses to *Plaintiffs' First Requests for Production to Defendant DSHS* requests nos. 8, 9, 20, 21, 22, 23, 24, 26, 27, 31 and 32.**

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

23

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**REQUEST FOR PRODUCTION NO. 11:**  Produce all documentation reflecting your efforts to verify that Justine Booth was supervised while bathing.

**RESPONSE:  Objection.  The request is overly broad in scope and therefore not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving those objections, and limiting the response to Defendants McGentry and Mitchell, please see the documents previously produced pursuant to the responses to *Plaintiffs' First Requests for Production to Defendant DSHS* requests nos. 8, 9, 20, 21, 22, 23, 24, 26, 27, 31 and 32.**

**REQUEST FOR PRODUCTION NO. 12:**  Produce all documentation referring or relating to any and all responsibilities or duties you had when caring for or supervising Justine Booth.

**RESPONSE:   Objection, given the breadth of the request, it seeks the production of attorney client and/or work product documents that are subject to privileges.  Without waiving any objections, please see documents previously produced in response to Plaintiffs' First Requests for Production of Documents to Defendant DSHS.  *Specifically, see*:  documents 10000001-445.**

**REQUEST FOR PRODUCTION NO. 13:**  Produce all documentation referring or relating to your supervision and/or management of Defendants McGenty and Mitchell.

**RESPONSE:  Objection, given the breadth of the request, it seeks the production of attorney client and/or work product documents that are subject to privileges.  Without**

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

24

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

waiving any objections, please see documents previously produced in response to Plaintiffs' First Requests for Production of Documents to Defendant DSHS. *Specifically, see*: documents 11000001-374 and 12000001-256.

**REQUEST FOR PRODUCTION NO. 14:**  Produce all documentation reflecting any reprimand, disciplinary action, or corrective action you received while employed by Defendant DSHS.

**RESPONSE:**  Objection, given the breadth of the request, it seeks the production of attorney client and/or work product documents that are subject to privileges.  **Without waiving any objections, please see documents previously produced in response to Plaintiffs' First Requests for Production of Documents to Defendant DSHS.** *Specifically, see*: documents 10000001-445.

**REQUEST FOR PRODUCTION NO. 15:**  Produce all records reflecting your job description(s) from January 1, 2004 to the present.

**RESPONSE:**  Objection, given the breadth of the request, it seeks the production of attorney client and/or work product documents that are subject to privileges.  **Without waiving any objections, please see documents previously produced in response to Plaintiffs' First Requests for Production of Documents to Defendant DSHS.** *Specifically, see*: documents 10000001-445.

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

25

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**REQUEST FOR PRODUCTION NO. 16:**  Produce an organizational chart(s) reflecting your role(s) in the SOLA program from January 1, 2004 to the present.

**RESPONSE:  Please see document no. 13000001 attached hereto.**

**REQUEST FOR PRODUCTION NO. 17:**  Produce all documents reflecting insurance coverage available to you for the injuries alleged in Plaintiffs' Complaint for Damages.

**RESPONSE:  Please see response to Plaintiffs' First Set of Requests for Production of Documents to Defendant DSHS, response no. 55.**

**REQUEST FOR PRODUCTION NO. 18:**  Produce any and all reports prepared by any expert witness you intend to call at trial.

**RESPONSE:  Please see answer to Interrogatory No. 3, above.**

**REQUEST FOR PRODUCTION NO. 19:**  Produce all statements, written or otherwise, from any person with knowledge of the allegations alleged in Plaintiffs' Complaint for Damages.

**RESPONSE:  Objection, this request seeks information that is subject to the attorney-client and work product doctrines.  Without waiving any objections, please see those document produced pursuant to Plaintiffs' First Set of Requests for Production of Documents to Defendant DSHS, request nos. 1 through 6 and see also defendants initial disclosures.**

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

26

ATTORNEY GENERAL OF WASHINGTON
TORTS DIVISION
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

104

1  **REQUEST FOR PRODUCTION NO. 20:** Produce all documents reflecting

2  communications with any other employee of Defendant DSHS regarding Justine Booth at

3  any time.

4  **RESPONSE:  Objection, this request seeks information that is subject to the attorney-**

5  **client and work product doctrines.  Without waiving any objections, please see those**

6  **document produced pursuant to Plaintiffs' First Set of Requests for Production of**

7  **Documents to Defendant DSHS, request nos. 1 through 6.**

8

9

10  ANSWERS and RESPONSES DATED this *12th* day of December, 2008.

11

12

13  ＡＦＥ ~~Lisa J Sutton~~ WSBA-16005
   fr ANDREW LOGERWELL, WSBA #38734

14  Attorney for Defendants DSHS and Pate

15  **VERIFICATION**

16  STATE OF WASHINGTON )
                          ) ss:

17  COUNTY OF THURSTON   )

18  I, Sonja Pate, certify under penalty of perjury under the laws of the State of

19  Washington that the foregoing responses to Interrogatories 14, 15, 16 and 17 are true and

20  correct.

21

22  DATED this *10* day of December, 2008.

23

24  ~~Sonja Pate~~

25  Defendant Sonja Pate

26

PLAINTIFF'S FIRST                    27       **ERROR! AUTOTEXT ENTRY NOT DEFINED.**
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

1

2 **<u>VERIFICATION</u>**

3
STATE OF WASHINGTON )
4                                    ) ss:
COUNTY OF THURSTON  )
5
        I, Andrew Logerwell, certify under penalty of perjury under the laws of the State of
6
7 Washington that the foregoing responses are true and correct.

8        DATED this _12th_ day of December, 2008.

9

10

11                                              ANDREW LOGERWELL, WSBA #38734

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST                    28        **ERROR! AUTOTEXT ENTRY NOT DEFINED.**
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

**PROOF OF SERVICE**

I certify that I served a copy of this document on all parties or their counsel of record on the date below as follows:

☒ US Mail Postage Prepaid via Consolidated Mail Service

☐ ABC/Legal Messenger

☐ State Campus Delivery

☐ Hand delivered by _____

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this _12th_ day of December , 2008 at _Olympia_____ , WA.


_____
~~MELISSA KORNMANN, Legal Assistant 3~~
DARICE G. RUSSAW, Paralegal 2

PLAINTIFF'S FIRST
INTERROGATORIES AND
REQUESTS FOR PRODUCTION
TO DEFENDANT PATE
**AND ANSWERS THERETO**
-- NO.   C08-0983JCC

29        ERROR! AUTOTEXT ENTRY NOT DEFINED.

107



MARTY D. MCLEAN
DIRECT • (206) 268-9359
MARTYM@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

December 15, 2008

**VIA FACSIMILE**
**FOLLOWED BY U.S. MAIL**

Mr. Andrew Logerwell
Assistant Attorney General
7141 Cleanwater Drive Southwest
Olympia, Washington  98504

>    Re:   *Booth v. State of Washington, DSHS & 3 Individual § 1983 Defendants*
>          **Discovery Conference**

Counsel:

    We have reviewed Defendant Pate's answers and responses to Plaintiff's First Interrogatories and Requests for Production and have identified numerous deficiencies. **We will initiate a discovery conference on Friday, December 19, 2008, at 1 p.m.**  If you are unavailable at that time, please contact our office so that we may satisfy our meet and confer obligations sooner.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Marty D. McLean

MDM:mm

ATTORNEYS AT LAW

206.623.7292      206.623.0594

SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO

www.hbsslaw.com

003005-12  277220 V1

108



MARTY D. MCLEAN
DIRECT • (206) 268-9359
MARTYM@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

December 17, 2008

**VIA FACSIMILE**
**FOLLOWED BY U.S. MAIL**

Mr. Andrew Logerwell
Assistant Attorney General
7141 Cleanwater Drive Southwest
Olympia, Washington  98504

> Re:   *Booth v. State of Washington, DSHS & 3 Individual § 1983 Defendants*
> 12/17/2008 - Discovery Conference

Counsel:

    This follows today's discovery conference.  During our call, we focused on Plaintiff's interrogatories directed at discovering the factual basis supporting your clients' numerous affirmative defenses.[1]

    Your original interrogatory answers, served on December 12, 2008, failed to disclose the factual basis supporting your affirmative defenses by claiming that these facts are privileged and/or work product.  During our call, Plaintiff pointed out that your client has the burden of proof with regard to each of its affirmative defenses.  At the conclusion of today's conference, you reiterated that your client will not provide the factual basis supporting any of its affirmative defenses.

    Respectfully,

HAGENS BERMAN SOBOL SHAPIRO LLP

Marty D. McLean

MDM:mm

---

[1] *See* Plaintiff's First Interrogatories to Defendant Pate, Nos. 4-13.



MARTY D. McLEAN
DIRECT • (206) 268-9359
MARTYM@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

December 12, 2008

**VIA FACSIMILE
FOLLOWED BY U.S. MAIL**

Mr. Stewart A. Estes
Keating, Bucklin & McCormack, Inc. P.S.
800 Fifth Avenue, Suite 4141
Seattle, Washington  98104

        Re:   *Booth v. State of Washington, DSHS & 3 Individual § 1983 Defendants*
              **Discovery Conference**

Counsel:

        We have reviewed Defendant McGenty and Mitchell's answers and responses to Plaintiff's First Interrogatories and Requests for Production and have identified numerous deficiencies.  **We will initiate a discovery conference on Friday, December 19, 2008, at 10:00 a.m.**  If you are unavailable at that time, please contact our office so that we may satisfy our meet and confer obligations sooner.

                        Sincerely,

                        HAGENS BERMAN SOBOL SHAPIRO LLP

                        Marty D. McLean

MDM:mm

ATTORNEYS AT LAW        SEATTLE   LOS ANGELES   BOSTON   PHOENIX   CHICAGO   SAN FRANCISCO   NEW YORK
06.623.7292    F 206.623.0594
www.hbsslaw.com

003005-11  277057 V1



MARTY D. MCLEAN
DIRECT • (206) 268-9359
MARTYM@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

December 16, 2008

**VIA FACSIMILE
FOLLOWED BY U.S. MAIL**

Mr. Stewart A. Estes
Keating, Bucklin & McCormack, Inc. P.S.
800 Fifth Avenue, Suite 4141
Seattle, Washington  98104

      Re:    *Booth v. DSHS & 3 Individual § 1983 Defendants*
               **Discovery Conference Re-Scheduled for 12/29/08**

Counsel:

      We are in receipt of your letter dated December 15, 2008 wherein you indicate
that you are unavailable to participate in a discovery conference on Friday, December 19,
2008.  A Notice of Unavailability filed with the Court indicates that you will be out of the
office from December 15, 2008 through December 26, 2008.

      **We agree to reschedule the discovery conference to Monday, December 29,
2008 at 10:00 a.m.**  If you are unavailable at that time, please contact our office so that
we may conduct the discovery conference sooner or designate another attorney from your
office who can participate on Monday, December 29.  However, we will not agree to any
further delay.

      We have also reviewed your concerns with regards to Plaintiff's discovery
responses served on a separate party.  Plaintiff's counsel has previously met and
conferred with Mr. Andrew Logerwell, the attorney for the party which actually
propounded discovery.  Plaintiff has already satisfied Mr. Logerwell's concerns.

                  Respectfully,

                  HAGENS BERMAN SOBOL SHAPIRO LLP

                  Marty D. McLean

MDM:mm



MARTY D. MCLEAN
DIRECT • (206) 268-9359
MARTYM@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

December 29, 2008

**VIA LEGAL MESSENGER**

Mr. Stewart A. Estes
Keating, Bucklin & McCormack, Inc. P.S.
800 Fifth Avenue, Suite 4141
Seattle, Washington 98104

  Re: *Booth/Campbell v. DSHS & 3 § 1983 Defendants*
     **Discovery Conference Confirmation**

Counsel:

   This follows our discovery conference conducted earlier today. Our conference focused mainly on your clients' answers to plaintiff's contention interrogatories. Specifically, we discussed plaintiff's interrogatories asking for the factual basis supporting each of your clients' affirmative defenses.

   Your clients' answers currently refuse to disclose this information claiming that facts supporting their affirmative defenses are privileged.  However, you agreed to contact Mr. Logerwell today to determine whether your clients will voluntarily supplement their discovery responses.  **You agreed to notify our office no later than Tuesday, December 30, 2008, at 10:00 a.m., regarding your clients' decision.**

   As agreed, we are enclosing two disks containing Defendant DSHS' document production propounded in response to plaintiffs' initial discovery requests.  It appears that you were not provided this information previously as Defendant DSHS' responses were served prior to your appearance in this case.

ATTORNEYS AT LAW  SEATTLE LOS ANGELES BOSTON PHOENIX CHICAGO SAN FRANCISCO NEW YORK
206.623.7292  F 206.623.0594
1301 FIFTH AVENUE • SUITE 2900 • SEATTLE WASHINGTON 98101
www.hbsslaw.com

003005-12 278962 V1

Mr. Stewart A. Estes
December 29, 2008
Page 2


Respectfully,

HAGENS BERMAN SOBOL SHAPIRO LLP


Marty D. McLean

MDM:mm
Enclosures

Cc: Andrew Logerwell, *via facsimile, without enclosures*

003005-12 278962 V1

## KEATING, BUCKLIN & McCORMACK, INC., P.S.

JOHN L. McCORMACK
MARK R. BUCKLIN
RANDAL W. EBBERSON
STEVEN L. THORSRUD
MICHAEL C. WALTER
ANDREW G. COOLEY
STEWART A. ESTES
JAYNE L. FREEMAN
STEPHANIE E. CROLL

ATTORNEYS AT LAW

800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423
E-MAIL: sestes@kbmlawyers.com

RICHARD B. JOLLEY
BRENDA L. BANNON
MARY ANN MCCONAUGHY
SHANNON M. RAGONESI
KIMBERLY J. WALDBAUM
JEREMY W. CULUMBER
ADAM L. ROSENBERG
AMANDA G. BUTLER

ROBERT C. KEATING (1915-2001)

December 30, 2008

### VIA FACSIMILE

Marty D. McLean
Hagens Berman Sobol Shapiro, LLC
1301 5th Avenue, Ste. 2900
Seattle, WA 98101

RE:   *Campbell v. State of Washington, et al.*
U.S.D.C. No. C08-0983 JCC

Dear Mr. McLean:

Please allow this correspondence to memorialize our discovery conference which we conducted by telephone on December 29, 2008. We discussed the alleged deficiencies in Defendant McGenty's and Defendant Mitchell's responses to Plaintiff's "contention" interrogatories, and the alleged deficiencies in Plaintiff's responses to all Defendants' interrogatories as set forth in my letter of December 15th. This second point will be addressed in separate correspondence.

You advised that you had spoken to Mr. Logerwell regarding his various concerns about your answers to Defendants' Interrogatories and Request for Production, and were awaiting confirmation from him that he would not change his position regarding his objections to the contention interrogatories. I advised you that I had just returned to the office from being gone for several days and needed to communicate with Mr. Logerwell before I could meaningfully address your request.

By way of background, Mr. Logerwell appeared for all Defendants at the initiation of this matter. In September 11, 2008, he filed an Answer on behalf of all Defendants, including my current clients. I substituted for Mr. Logerwell on October 30th, with the Answer already on record, which of course incorporated any of Mr. Logerwell's work-product and privilege concerns as asserted in objection to the Interrogatories and Requests for Production.

Please allow me to first address Defendant Mitchell's responses (as each set is different). Interrogatory No. 4 requests facts which support the affirmative defense that Plaintiff failed to

Marty D. McLean
December 30, 2008
Page 2

state a claim for which relief can be granted. Initially, I would note that this is not truly an affirmative defense, as Defendants simply point that Plaintiff's Amended Complaint contains prima facie deficiencies. Nonetheless, we direct you to your Amended Complaint which is the only factual basis on which this assertion is made.

Interrogatory No. 5 deals with the defense of statute of limitations. Mr. Logerwell advises that you previously had a conversation regarding this defense. Please advise if this is not correct. You propounded no further contention interrogatories to Defendant Mitchell.

Turning now to Defendant McGenty's responses, I would note that Interrogatory Nos. 4, 5 are the same as above. Interrogatory No. 6 requests the facts in which the affirmative defense of failure to mitigate damages is based. Defendants' difficulty in responding to this extends from your refusal to produce any records in response to Defendants' Interrogatories and Requests for Production. As I noted in my December 15th letter, Plaintiff curiously refused to even list health care professionals who had treated or examined Justine Booth. Compounding this was Plaintiff's refusal to respond to a basic request for medical records as set forth in Defendants' Request for Production D, stating that we would need to obtain the records through depositions, or could come to your office to inspect a single set of records from Valley Medical Center (which is of course only minimally responsive to the request).

Based on Plaintiff's refusal to provide even rudimentary medical records in this matter, Defendants will need to obtain them through records depositions, or releases, which Mr. Logerwell says is underway. Once we obtain these medical records, Defendants will be in a better position to provide a response, if appropriate.

Interrogatory No. 7 deals with Defendants being sued in their official capacities. We responded by directing you to Plaintiff's First Amended Complaint, which of course factually supports our position that you are suing our clients in their official capacities. A legal explanation for this defense is beyond the scope of the interrogatory.

Interrogatory No. 8 deals with Ch. 74.34 RCW. During our conversation you agreed that the Vulnerable Adults Act cause of action does not apply to my clients as individual defendants. Thus, the only "facts" are that your Complaint names individuals.

Interrogatory No. 8 deals with Defendants' sixth affirmative defense which (although selectively quoted in your interrogatory) states in full:

> Plaintiff's claims and all of them are entirely barred as a matter of law in full or in part under the Revised Code of Washington, Chapter 4.20 *et seq.*, *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 991 (1978) and its progeny including a series of Ninth Circuit

Marty D. McLean
December 30, 2008
Page 3

                cases and Washington State cases limiting the availability of
                remedies to those allowed under Washington Survival and
                Wrongful death actions.

      Mr. Logerwell seems to have clearly spelled out the basis for this defense, and I cannot fathom what "facts" Plaintiff is in need of to understand the import of this defense. We would also direct you to *Defendants' First Motion for Partial Summary Judgment* which discusses, in part, the issues raised in this defense, and to *Robertson*.

      Interrogatory No. 10 deals with the defense of qualified immunity. As I indicated during our telephone conversation, once a defendant has asserted the defense of the doctrine of qualified immunity, the burden shifts to the plaintiff to establish a "clearly established right" in constitutional law. This will of course be a matter of legal briefing between both of us, upon the filing of the individual Defendants' motion on qualified immunity grounds. As I indicated, *Defendants' First Motion for Partial Summary Judgment* was filed on September 29th, and has yet to be ruled upon. As the Court's decision on this motion could substantially impact the legal issues in the matter (and was filed before I appeared in this matter) I will wait for a ruling prior to pursuing our qualified immunity motion. Lastly, we referred you to Plaintiff's First Amended Complaint, as the "facts" alleged by Plaintiff will be those at issue in any motion.

      Interrogatory No. 11 involves the issue of Plaintiff Campbell's lack of standing to sue in her individual capacity. We directed you to your First Amended Complaint, which provides the factual basis for this assertion, that is, Plaintiff is suing in these Defendants in their individual capacity.

      If our responses are not to your satisfaction and you still believe there are outstanding issues, please contact me at your convenience. I would hope that we would not waste the Court's time with a Motion to Compel "facts" on which Rule 12 affirmative defenses are based.

                    Very truly yours,

                    Stewart K. Estes

SAE:vsm
cc:    Andrew Logerwell
K:\SAE\wash08001\l-121508-moody.doc