UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORAINE CAMPBELL, individually and as personal representative of the Estate of JUSTINE BOOTH,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, including but not limited to the Division of Developmental Disabilities; LASHONDA MARIE MITCHELL, individually and in her official capacity acting under the color of state law; MURINE LEE McGENTRY, individually and in her official capacity acting under the color of state law; SONJA PATE, individually and in her official capacity acting under color of state law,<br><br>Defendants. | CASE NO. C08-0983-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Compel Discovery from Defendants Mitchell, McGenty, and Pate (Dkt. No. 39), the individual Responses filed in opposition by Defendants Pate (Dkt. No. 41), Mitchell (Dkt. No. 44), and McGenty (Dkt. No. 45), and well as Plaintiff's Reply (Dkt. No. 47). The Court has carefully considered these documents, their supporting declarations and exhibits, and the balance of pertinent materials in the case file. Having determined that oral argument is not necessary, the Court hereby finds and rules as follows.

ORDER – 1

## I. BACKGROUND

The Court has summarized the background facts of this dispute in its Order of February 13, 2009, and will not repeat them here except as necessary to explain its reasoning. Plaintiff's First Amended Complaint alleges four causes of action[1] related to the death of Justine Campbell, a developmentally disabled adult participant in Defendant DSHS's State Operated Living Alternatives program ("SOLA").[2] Defendants' Answer raises eight affirmative defenses, including (1) failure to state a claim for which relief can be granted; (2) statute of limitations; (3) failure to mitigate damages; (4) qualified immunity; and (5) Plaintiff's lack of standing. (Defs.' Answer (Dkt. No. 25).) In mid-November 2008, Plaintiff served each of the individual Defendants separate First Interrogatories and Requests for Production. In the instant motion, Plaintiff seeks an order compelling Defendants to fully answer those discovery requests. (Mot. 2 (Dkt. No. 39).) Plaintiff asserts that Defendants improperly failed to answer Plaintiff's interrogatories regarding persons with relevant knowledge and regarding Defendants' affirmative defenses by raising nearly identical boilerplate objections. (*Id*. at 2, 4.) In particular, Plaintiff objects to Defendants' assertions of attorney-client privilege and attorney work product objections. (*Id*. at 6.) Plaintiff asserts that the parties have attempted to resolve this discovery dispute in three telephonic discovery conferences and multiple exchanges of letters. (*Id*. at 2.) Plaintiff expressly does not seek costs and attorney's fees incurred in bringing this motion. (*Id*. at 11.) The Court will address each of the disputed discovery requests in turn, below.

//
//
//

---

[1] The Court has already dismissed at summary judgment Plaintiff's state law claims. (Feb. 13, 2009, Order (Dkt. No. 50).)

[2] Defendant DSHS's discovery responses are not at issue in the instant dispute. (Mot. 2 n.1 (Dkt. No. 39).)

ORDER – 2

## II. APPLICABLE STANDARD

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting FED. R. CIV. P. 26(b)(1)). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* "District courts have broad discretion in determining relevancy for discovery purposes." *Id.* (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. FED. R. CIV. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). The Federal Rules strongly encourage parties to resolve discovery disputes privately and discourage them from seeking needless court intervention. To this end, before a party may bring a motion for an order compelling discovery, that party must in good faith confer or attempt to confer in an effort to obtain the discovery without court action. FED. R. CIV. P. 37(a)(1). Pursuant to the Local Rules, such good faith conference or attempt to confer must be in person or telephonic. Local Rules W.D. Wash. CR 37(a)(1)(A).

## III. ANALYSIS

### A. Defendant Pate's Interrogatory Answers

Plaintiff asks that Defendant Pate be compelled to fully answer Interrogatories No. 2 and 4 through 13.

#### 1. Interrogatory No. 2

Plaintiff propounded the following interrogatory on Defendant Pate:

> Identify each person known to you who has information relevant to the allegations contained in Plaintiffs' Complaint for Damages, setting forth each person's name, address and relationship to any party herein.

(Interrog. No. 2 (Dkt. No. 42-2 at 8).)

ORDER – 3

Defendant Pate answered as follows:

> Objection: as phrased the interrogatory seeks information protected by the attorney client and work product privileges. The interrogatory seeks the identification not of persons with knowledge but only of persons with knowledge relevant to plaintiffs complaint, a legal conclusion not subject to discovery. Without waiving any objections, please see documents already produced in response to Plaintiffs' Persons who may have knowledge of the underlying facts in response to Plaintiff's First Requests for Production of Documents to Defendant DSHS and Defendants [sic] initial disclosures.

(Answer to Interrog. No. 2 (Dkt. No. 42-2 at 8).)

Plaintiff asks the Court to compel a complete answer to this interrogatory. Defendant Pate argues that nothing further is required of her with respect to this interrogatory because (1) Plaintiff seeks the opinion of counsel as to which witnesses have *relevant* knowledge, and (2) Plaintiff seeks information that has already been produced. (Resp. 5–6 (Dkt. No. 41).) It appears that Defendants jointly have already disclosed to Plaintiff, by way of their initial disclosures, individuals likely to have discoverable information. (Initial Disclosures (Dkt. No. 31 at 2–3).) Defendant Pate referred Plaintiff to this list in her answer to Interrogatory No. 2. Therefore, the Court is not persuaded that Defendant Pate's answer is incomplete, except that Defendant did not provide addresses for each of those individuals. Plaintiff's motion to compel is accordingly DENIED as to this issue except to the extent that Defendant is ORDERED to provide an address for each of the individuals listed in her initial disclosures.[3]

### 2. Interrogatory No. 4

Plaintiff propounded the following interrogatory on Defendant Pate:

> Identify each and every fact which supports your contention that Plaintiffs "failed to state a claim for which relief can be granted." [See Defendants' Answer, First Affirmative Defense].

(Interrog. No. 4 (Dkt. No. 42-2 at 9).)

---

[3] For the same reasons as discussed in Section III.A(1), the Court does not consider Defendant Mitchell's answer to Interrogatory No. 2 (Dkt. No. 40 at 56) or Defendant McGenty's answer to Interrogatory No. 2 (Dkt. No. 40 at 66) to be incomplete and therefore DENIES Plaintiff's motion with respect to these issues, except that Defendants Mitchell and McGenty are ORDERED to provide addresses for each of the individuals listed in their initial disclosures.

ORDER – 4

Defendant answered as follows:

> Objection: This interrogatory calls for legal conclusions. Affirmative defenses are legal defenses and the legal reasoning supporting an affirmative defense is work product. Please see applicable case law including, but not limited to, Johnson v. Ocean Ships, Inc., 2006 WL 2166192 W.D. Wash. (2006) and Sporck v. Peil, 759 F.2d 312 (3rd Cir. 1985). Further, the interrogatory is overly broad and unduly burdensome to the extent that it requests each fact supporting the defense. This kind of open-ended interrogatory is also an unfair trap for defendant because its vagueness and overbreadth can easily produce false accusations that defendant did not completely respond to the interrogatory by stating each and every "fact" that even remotely supports this defense.

(Answer to Interrog. No. 4 (Dkt. No. 42-2 at 9).)

The Federal Rules expressly direct that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" FED. R. CIV. P. 33(a)(2). The Advisory Committee Notes to the 2007 Amendment states that "[o]pinion and contention interrogatories are used routinely." Further, "contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded." *Cable & Computer Tech., Inc.*, 175 F.R.D. at 652.

Defendant calls attention to the fact that at least one other court in the Western District has found that "the exact documents and witnesses [a defendant] intends to use for each affirmative defense reveals defense counsel's mental impressions, is work product and so is privileged." *See Johnson v. Ocean Ships, Inc.*, No. C05-5615, 2006 WL 2166192, at *3 (W.D. Wash. July 31, 2006) (Bryan, J). In *Johnson*, the district court found persuasive the reasoning of the Third Circuit in *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985), in holding that defense counsel's selection process in grouping certain documents together out of thousands produced was privileged work product. The attorney work-product privilege "shields both opinion and factual work product from discovery." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (citing FED. R. CIV. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]"). However, in the instant interrogatory, Plaintiff is not seeking identification of exact documents and witnesses that Defendant Pate intends to use for each

ORDER – 5

affirmative defense. Rather, Plaintiff seeks facts. Therefore, the Court is not persuaded that *Johnson* or *Sporck* are on point.

Although it seems reasonable to the Court that a defendant might have some difficulty answering such a contention interrogatory early in the discovery period, the Court expects that by now Defendant has had some opportunity to discover the facts relating to her affirmative defenses. Defendant can—and must—supplement her answer if, during the course of discovery, she finds that her answer is incorrect or incomplete.[4] FED. R. CIV. P. 26(e)(1). While requiring Defendant to identify "each and every" fact is somewhat overbroad, *see, e.g., In re eBay Seller Antitrust Litig.*, No. C07-1882-JF (RS), 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008), the Court will GRANT Plaintiff's motion with respect to this interrogatory to the extent that it asks Defendant to identify facts that support her contention that Plaintiff "failed to state a claim for which relief can be granted."[5]

### 3. Interrogatory Nos. 5 through 11

Plaintiff propounded interrogatories nearly identical to her Interrogatory No. 4 with respect to each of Defendant's eight affirmative defenses. (Interrog. Nos. 5–11 (Dkt. No. 42-2 at 10–14).) Defendant responded in each case with an identical objection as that asserted in her Answer to Interrogatory No. 4. (*Id*.) For the same reasons as discussed in Section III.A(2) above, the Court compels Defendant to answer these contention interrogatories to the extent that they ask Defendant to identify facts that support her affirmative defenses.[6] As noted below, Defendants may except from this

---

[4] It may be that because the Court has already dismissed Plaintiff's state law claims, some of Defendants' affirmative defenses are now moot. Defendants will not be compelled to answer interrogatories regarding affirmative defenses they will no longer be pursuing.

[5] For the same reasons discussed in Section III.A(2), the Court COMPELS Defendant McGenty to answer Interrogatory No. 4 (Dkt. No. 40 at 67) by identifying facts that support her contention that Plaintiff "failed to state a claim for which relief can be granted."

[6] For the same reasons discussed in Section III.A(3), the Court COMPELS Defendant McGenty to answer the remaining contention interrogatories (Dkt. No. 40 at 67–70) to the extent that they ask Defendant McGenty to identify facts that support her affirmative defenses.

ORDER – 6

order any affirmative defenses they are no longer pursuing based on the Court's summary judgment ruling on Plaintiff's state law claims.

### 4. Interrogatory No. 12

Interrogatory No. 12 asks Defendant to "[i]dentify each and every individual or entity who you believe caused plaintiffs' alleged damages." (Dkt. No. 42-2 at 14.) Defendant answered as follows:

> Objection: This interrogatory seeks legal conclusions and work product. Defendants further object as this interrogatory is also an unfair trap for defendants because it could be construed as a request for admission. Without waiving such objections, please see Defendants' Answer to Plaintiff's Complaint, applicable case law, and other authorities.

(*Id*.) Defendant argues that this request is improper because it seeks "not just other involved parties but those parties who have had a causative role in the outcome of the underlying facts, a mental impression of facts that connect them to particular legal theories." (Resp. 10 (Dkt. No. 41).) In addition, Defendant argues, the cumulative documents and the lack of cross claims or third party claims demonstrates the known facts at this time. (*Id*.)

As discussed in Section III.A(1) above, Defendants have already disclosed to Plaintiff, by way of their initial disclosures, individuals likely to have discoverable information. (Dkt. No. 31 at 2–3.) Defendant has not specifically contended that any particular persons or entities are responsible for Plaintiff's damages, as evidenced by the absence of any cross claims or third party claims. The Court is not persuaded to compel Defendant to narrow or supplement her initial disclosures list to identify only those people or entities she believes are responsible for Plaintiff's damages. Therefore, the Court DENIES the motion with respect to this issue.[7]

### 5. Interrogatory No. 13

Plaintiff's Interrogatory No. 13 requests the identity of each and every fact that supports her belief that the individuals or entities disclosed in the answer to Interrogatory No. 12 caused Plaintiff's

---

[7]For the same reasons discussed in Section III.A(4) above, the Court is not persuaded to compel Defendant Mitchell to further answer Interrogatory No. 4 (Dkt. No. 40 at 11) or to compel Defendant McGenty to further answer Interrogatory No. 12 (Dkt. No. 40 at 71).

ORDER – 7

damages. (Dkt. No. 42-2 at 15.) Because the Court has decided that it will not compel Defendant's answer to Interrogatory No. 12, the Court also DENIES Plaintiff's motion with respect to Interrogatory No. 13.[8]

### B. Signatures

Plaintiff asserts that Defendants failed to sign their interrogatory answers under oath. (Mot. 6 (Dkt. No. 39).) Defendant McGenty argues that this was never a topic of a discovery conference and that she advised Plaintiff that counsel was in the process of obtaining Defendants' signatures. (McGenty Resp. 4 (Dkt. No. 45).) Defendant Mitchell also argues that counsel's discovery conference did not include a discussion of Defendants' failure to produce signature pages. (Mitchell Resp. 2 n.1 (Dkt. No. 44).) The Court reminds Defendants that the Federal Rules clearly state that the "person who makes the answers [to interrogatories] must sign them, and the attorney who objects must sign any objections." FED. R. CIV. P. 33(b)(5). The Court expects counsel in future to comply with the express requirements of the discovery rules so as to avoid occupying the Court's time with such trivial issues.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Compel Discovery from Defendants Mitchell, McGenty, and Pate (Dkt. No. 39), as follows:

(1) Defendants Pate, McGenty, and Mitchell are ORDERED to provide addresses for each of the individuals listed in their initial disclosures;

(2) Defendants Pate and McGenty are ORDERED to identify facts that support their remaining affirmative defenses;

(3) Such answers are to be provided within twenty days of this Order; and

(3) The Court DENIES the motion in all other respects.

---

[8]Because the Court declines to compel Defendants Mitchell or McGenty's answers to the preceding interrogatory, the Court DENIES the motion with respect to Interrogatory No. 5 propounded on Defendant Mitchell (Dkt. No. 40 at 11) and Interrogatory No. 13 propounded on Defendant McGenty (Dkt. No. 40 at 28) as well.

ORDER – 8

DATED this 5th day of March, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 9